41466.   STATE HIGHWAY DEPARTMENT v. FERGUSON.

ARGUED SEPTEMBER 13, 1965—DECIDED JANUARY 5, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Harry T. Lawrence, Deputy Assistant Attorneys General,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, James B. Langford,* contra.

BELL, Presiding Judge.   ■   Special ground 4 of the motion for new trial complains of the following part of the court's charge to the jury:

"I charge you that in estimating the value of land taken for public purposes, inquiry may be made as to any legitimate purposes to which the property could be appropriated and you must look to the evidence in this case to determine what uses this property could be legitimately appropriated to under the evidence."

Condemnor contends that this charge was error for the reason stated in *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737, 739 (137 SE2d 371).

*Whitehurst* and other cases holding likewise are not applicable here, for the evidence contained sufficient matter from which the jury could have inferred the property was suitable for residential subdivision purposes and not merely for the agricultural purposes to which it had been previously devoted by the owner. "The court is authorized to charge that the jury may consider other uses to which the land being taken may be put where there is either evidence of other uses or evidence from which the jury could infer that there was reasonable probability that the land could be used for other purposes." *State Hwy. Dept. v. Green,* 109 Ga. App. 743 (1) (137 SE2d 397).

This ground of the motion for new trial has no merit.

We do not decide whether or not the charge attacked in this ground would have been error in the absence of evidence of potential uses for the property other than the agricultural purposes to which it had been devoted.

■ Special ground 5 assigns error upon a part of the charge in which the court instructed the jury: "Miss Ferguson is entitled to the full, fair market value of her property taken. She is also entitled to the full, fair market value of any depreciation, that is the decrease, if any you find, before and after the taking."

Condemnor contends that this charge misled the jury to believe that they were authorized to award damages for the fair market value of the land taken, consequential damages to the land not taken, plus any depreciation in the market value of the land taken.

While the charge was so lacking in precision as to be unclear to the jury if considered out of context, still it was not harmful even if erroneous. In determining whether alleged error in a charge was harmful, the court must consider the charge as a

whole and each part in connection with every other part of the charge. *Mendel v. Pinkard*, 108 Ga. App. 128, 134 (132 SE2d 217).

Elsewhere in the charge the court instructed the jury that there were only two elements of damages in the case, fair market value of the land actually taken and consequential damages to the land not taken. The court charged at length on these elements of damages. In view of these other instructions it was apparent that in use of the expression "value of the depreciation, that is the decrease, if any you find, before and after the taking," the court meant consequential damages in reference only to the property not taken. Thus the jury could not have been confused or misled by the charge.

The general grounds of the motion for new trial were expressly abandoned.

*Judgment affirmed. Frankum and Hall, JJ., concur.*