42563. STATE HIGHWAY DEPARTMENT v. AUGUSTA DISTRICT OF NORTH GEORGIA CONFERENCE OF THE METHODIST CHURCH.

ARGUED JANUARY 10, 1967—DECIDED FEBRUARY 3, 1967.

*Congdon & Williams, W. Barry Williams,* for appellants.

*Robert E. Knox, Warren D. Evans,* for appellee.

QUILLIAN, Judge. ■ Enumerations of error 1 through 3 insist that the verdict for consequential damages was not authorized.

■ Condemnor contends the evidence was insufficient to show any damage to the remaining property as a result of the taking. Witnesses for the condemnee testified that: the property taken was a portion of the White Oak Camp Ground which is used as a recreational and Christian training camp area for youth; four cabins are located on the property; the cabins were specially designed and constructed to provide sleeping areas and center pavilions for religious training and instruction; as a result of one cabin being in close proximity to the highway, the resulting noise, among other factors, rendered it useless for the purpose for which it was constructed; the summer prior to the trial the counselors and children would not use it.

If shown to affect adversely the value and use of the condemnee's remaining property, evidence of noise and other elements may be taken into consideration by the jury in determining consequential damages. *State Hwy. Dept. v. Hollywood &c. Church,* 112 Ga. App. 857 (2, 3) (146 SE2d 570). Applying the above rule the testimony, though slight, was sufficient to authorize a finding that the property remaining had been damaged.

■ The evidence as to the amount of consequential damages to the remaining property was as follows: The cabin had a value of $5,000; it had a construction cost of $4,375.96, which did not include the free labor and materials which were given the condemnee; as a result of the location of the highway, for the building to be used for the purpose for which it was constructed it would have to be moved to a different location on the camp ground at a cost of $4,500.

The condemnor contends that to authorize a verdict for consequential damages there must be proof of the diminution in the market value of the remaining property before and after

the taking. With this contention we can not agree. In condemnation cases, as a general rule, market value is used as the method of arriving at what constitutes just and adequate compensation. However, there are exceptions to the rule because in some instances market value is not the fairest or most accurate method of measuring the loss. *Burke County v. Renfroe,* 64 Ga. App. 395, 396 (13 SE2d 194). See in this connection *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884).

If, as in the case sub judice, the condemnee has designed and built an improvement on the property for a special purpose and has been deprived of its use, just and adequate compensation may include the cost or its value to condemnee for the particular purpose for which it was constructed. *Elbert County v. Brown,* 16 Ga. App. 834, 847 (86 SE 651).

The testimony as to the value, cost of construction, and the expense that would have to be incurred to move the cabin to a location on the remaining property where it would be useful for the special purpose for which it was designed was sufficient to support the verdict as to the amount of consequential damages.

■ In the fourth and fifth enumerations of error the condemnor insists that the court erred in instructing the jury as to consequential damages and in not directing a verdict as to that issue. These enumerations of error are controlled by Division 1 of this opinion and are without merit.

■ The remaining enumerations of error contend that the court's charges as to consequential damages were repetitious and constituted an expression of opinion. Considering the charge as a whole, appellant's contentions are without merit.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*