### 48928. STATE HIGHWAY DEPARTMENT v. FUTCH.

EBERHARDT, Presiding Judge. The Highway Department sought by a declaration of taking procedure in eminent domain to acquire 12.4 acres of farm land belonging to Edwin H. Futch, which were to be used in the construction of a limited access highway. The taking of this land had the effect of cutting the Futch farm into two remaining parts, one on the north side of 36 acres and one on the south side of 152 acres, though neither of them was landlocked. There was an appeal to a jury on the issues of value and damages, and after verdict and judgment the condemnor appeals, enumerating error on (a) a portion of the charge relative to the taking of condemnee's access rights to the highway to be built and damages therefor, (b) a charge that the measure of damages for property taken "is the financial loss sustained by the owner, taking into consideration all relevant factors that

may be disclosed by the evidence," (c) and (d) admission of and refusal to strike testimony of two witnesses relative to their opinions of value on the ground that the witnesses, by their testimony and admissions on cross examination, were giving their opinions as to the value of the land to the condemnee, rather than as to its general market value. *Held:*

1. The Supreme Court has settled the matter of whether one whose land is being taken for construction of a limited access highway (no highway having been previously established on the location) has or loses any access rights in the taking of his land, holding that he does not. *Department of Transportation v. Hardin,* 231 Ga. 359 (201 SE2d 441). Consequently, under the authority of that case we hold that in the situation here any charge relative to access rights or the recovery of damages therefor is inappropriate and error requiring a new trial.

2. The charge that the measure of damages for property taken is the financial loss to the owner, left standing alone, would be error, for the measure is the market value absent some showing of special or unique value. But there was a full and complete charge which unmistakably informed the jury that the measure which they were to apply in arriving at their verdict was the market value of the property taken and additionally any consequential damages exceeding the consequential benefits to the remaining property. The charge excepted to was involved in *State Highway Dept. v. Robinson,* 103 Ga. App. 12 (118 SE2d 289), where it likewise appeared that the court adequately made it appear that the jury should apply the market value test, and we affirmed. Clearly, a consideration of the whole charge here demonstrates that error in the charge excepted to, if error, was harmless and not such as to require a reversal. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13). However, since we must reverse for the reason appearing in the first Division, we suggest that it would be better if the portion of the charge complained of were omitted on the next trial.

3, 4. Two lay witnesses testified concerning their opinion as to the value of the land taken and as to the consequential damage, or reduction in value to the remaining portions. Portions of their testimony indicate that they are relating their opinions as to the value, or loss in value to the condemnee, and not in terms of market value. Testimony of this import is inadmissible, and should be excluded. However, there are portions in the testimony of the witnesses which can well be related to market value, and

these were admissible. The test to be applied is not the value of the land to the owner or condemnee, but is its market value. *Gaines v. City of Gainesville,* 115 Ga. App. 220 (3) (154 SE2d 280). And the same rule applies in making determination as to consequential damages or improvements. *State Highway Dept. v. Noble,* 114 Ga. App. 3 (150 SE2d 174). This rule should be applied on another trial.

*Judgment reversed. Pannell, J., concurs. Evans, J., concurs in the judgment.*

ARGUED JANUARY 11, 1974 — DECIDED JANUARY 29, 1974.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General, William J. Neville,* for appellant.

*Allen, Edenfield, Brown & Franklin, B. Avant Edenfield,* for appellee.