### 66300. CITY OF ATLANTA et al. v. HADJISIMOS et al.

SOGNIER, Judge.

The City of Atlanta brought this action on behalf of the Metropolitan Atlanta Rapid Transit Authority (MARTA) to condemn property owned by appellees Demetrios Hadjisimos and Nicholas Dragoumaniotis and leased by appellee Athens Auto Repairs, Inc. The Special Master entered an award of $30,000. After condemnees filed an appeal in Fulton Superior Court, MARTA was added as party plaintiff. The jury returned a verdict in favor of the condemnees in the amount of $80,135. The City and MARTA appeal.

1. Appellants' first three enumerations of error concern their contention that there was no evidence introduced at trial to establish that the property in question was unique. Appellants contend that the trial court erred in admitting testimony by appellee Hadjisimos about how much the property was worth to him personally and testimony by appellees' expert real estate appraiser as to business losses. In addition, appellants assert as error the trial court's denial of their motion for directed verdict on the issue of business losses.

Testimony other than that of a property's fair market value is generally admissible only when the property has some unique or special value so that the fair market value will not afford just and

adequate compensation. *Macon-Bibb County &c. Auth. v. Reynolds,* 165 Ga. App. 348 (3) (299 SE2d 594) (1983). The question of whether property is unique is one for the jury. *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482, 484 (241 SE2d 599) (1978). Evidence was presented in this case to show the uniquely advantageous location of the property, its particular suitability for the auto repair business, and the importance of the condemned property to the continued financial well-being of the business. This evidence was sufficient to raise the issue of uniqueness and authorize a jury to find that the fair market value of the property did not suffice as just and adequate compensation. *DOT v. Vest,* 160 Ga. App. 368, 369 (2) (287 SE2d 85) (1981).

No issue was raised by appellants as to whether appellee Hadjisimos was testifying on behalf of the corporate lessee, Athens Auto Repair Shop, or as the owner of the condemned property. Since the testimony was admissible as to the corporate lessee in order to prove entitlement to business losses (*DOT v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315 (265 SE2d 10) (1980)), we will exercise our duty to construe the testimony to uphold the judgment rather than destroy it. *Parr v. Jones,* 163 Ga. App. 597, 599 (295 SE2d 570) (1982). Therefore, we will consider Hadjisimos' testimony as having been offered on behalf of the corporate lessee. Thus, the trial court did not err in admitting the testimony of Hadjisimos and the expert witness, and acted properly in denying appellants' motion for directed verdict as to business losses.

2. Appellants cite *Ga. Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639) (1970) in their argument that the trial court erred in refusing to strike allegedly "illegal" testimony given by appellee Hadjisimos as to the value of the remainder of the property after the taking, in that he had not testified as to the value of that portion of the property being taken. Although the trial court erred in admitting this testimony (*Sinclair,* supra; *State Hwy. Dept. v. Mann,* 110 Ga. App. 390 (2) (138 SE2d 610) (1964)), we find this harmless under all the circumstances of the case. Evidence was later presented by witnesses for appellants as well as appellees about the value of the remainder of the property before the taking. Thus, the jury was left with other contrasting figures from which they could have computed the value of the condemned property. See *DOT v. Brand,* 149 Ga. App. 547, 548 (2) (254 SE2d 873) (1979), overruled on other grounds, *MARTA v. Dendy,* 250 Ga. 538, 542 (299 SE2d 876) (1983).

3. We need not discuss appellants' contention that the trial court erred in admitting testimony as to a loan default penalty on the property since we find that appellants failed to properly object to that testimony. Appellants' objection consisted of the statement:

"Your Honor, I don't think that's relevant to this case." " ' "An objection (to evidence) on the sole ground that it is irrelevant is not such an objection as would be reversible error to overrule." [Cits.]' " *Housing Auth. v. Starcher,* 149 Ga. App. 402 (2) (254 SE2d 515) (1979).

4. Appellants' sixth and seventh enumerations of error are both based upon the trial court's actions in admitting testimony of unaccepted offers to buy the condemned property and then charging the jury on the subject. " 'While evidence of an unaccepted offer to buy, sell or lease property is not in and of itself evidence of value, yet where a witness testifies as to the value and bases his opinion partly on such offer his testimony is admissible.' [Cits.]" *DOT v. Simon,* 151 Ga. App. 807, 816 (3) (261 SE2d 710) (1979). The witness who gave the evidence in question was a real estate agent with thirty years experience in the business who testified that she had checked the value of appellees' property and that of every piece of property in the area when negotiating an earlier successful sale of a nearby property, and that she had conducted very serious discussions with a third party as to the sale of appellees' property prior to the institution of the condemnation proceedings. We find that the testimony of this witness as to the unaccepted offer was properly admitted because her opinion about the value of the property was based not solely upon that unaccepted offer but primarily upon her expertise in the real estate business and her involvement with other sales in that area. The trial court's charge on how such unaccepted offers were to be considered was correct as a matter of law and does not constitute ground for reversal.

5. Appellants finally contend that the language of the trial court in instructing the jury as to consequential damages misled the jury into believing double damages could be awarded with the statement that "if [appellees have] a reduction in profits, [they] would have a right to recovery whatever the amount may be, in addition to any business losses, if any." Appellants assert that this language was extremely prejudicial to their case and thus constituted reversible error. We disagree.

Although the language of the charge is not approved by us and could, if taken out of context, be confusing, on review a charge must be considered as a whole and each part considered in connection with every other part of the charge. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217) (1963). The language of the full and complete charge here authorized the jury to award consequential damages for a reduction in profits *or* business losses, thus adequately informing the jury that double damages for both lost profits and business losses were not authorized. *State Hwy. Dept. v. Futch,* 130 Ga. App. 693, 694

(2) (204 SE2d 315) (1974); *State Hwy. Dept. v. Ferguson,* 112 Ga. App. 875, 876-877 (2) (147 SE2d 18) (1966). Thus, taken in context with the language of the whole charge, we find that this one sentence is not a ground for reversal.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1983.

*Robert A. Boas, Charles N. Pursley, Jr., Marva Jones Brooks, Charles F. Barnwell,* for appellants.

*J. Corbett Peek, Jr., James G. Peek, Abraham A. Sharony,* for appellees.