## 71070. HERRON v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
### (338 SE2d 777)

CARLEY, Judge.

Pursuant to OCGA § 22-2-100 et seq., condemnation proceedings were initiated to acquire three easements over a portion of appellant-condemnee's residential property. The first easement was a four-month temporary construction easement "for all purposes necessary or incidental to Metropolitan Atlanta Rapid Transit Authority's [(MARTA)] construction of a rapid transit system and for any other use reasonably related thereto. . . ." The second easement was a permanent utility easement for an underground sanitary sewer system. The third easement was a four-month temporary right of access "for the purpose of providing vehicular access [to the temporary construction easement] for the purpose of transporting vehicles, equipment and material to said [temporary construction] [e]asement [a]rea and for any other use reasonably related thereto. . . ."

The total award of the special master was in the amount of $16,525, comprised of $2,025 as "just and adequate compensation for the property sought to be condemned . . ." and $14,500 as "consequential damages to the remaining property. . . ." MARTA paid the sum of $16,525 into court and that amount was drawn down by appellant. However, MARTA filed a notice of appeal from the award of the special master. OCGA § 22-2-112. A trial was conducted before a jury and a verdict for appellant in the amount of $7,045 was returned. The trial court entered judgment for MARTA in the principal amount of $9,480, the difference between the award of the special master and the jury's verdict. Appellant's motion for new trial was denied, from which order he brings the instant appeal.

1. Appellant's first enumeration is that, over objection, the trial court erroneously allowed inadmissible testimony to be elicited from one of MARTA's witnesses. The contention on appeal is that the challenged testimony related to the physical condition of the condemned property at some time *after* the taking, and thus was violative of the principle that "the owner is entitled to the value of the property *as of the date of taking*." (Emphasis supplied.) *Wright v. MARTA*, 248 Ga. 372, 374 (283 SE2d 466) (1981).

Review of the relevant portions of the transcript shows that appellant never objected generally to the relevancy of the testimony of MARTA's witness and never specifically invoked the above stated legal principle. Instead, the only objection that appellant ever raised was that the witness' testimony constituted inadmissible hearsay. The trial court implicitly overruled appellant's hearsay objection, admitting the testimony as explanatory of the witness' conduct. OCGA § 24-3-2. Since appellant never objected to the relevancy of the witness'

testimony based upon the principle enunciated in *Wright v. MARTA*, supra, we cannot address that contention in the context of the instant appeal. "An objection to the admission or exclusion of evidence must be *specifically* raised at trial in order to be heard on appeal. [Cits.]" (Emphasis in original.) *Hudson Properties v. C&S Nat. Bank*, 168 Ga. App. 331, 332 (308 SE2d 708) (1983). Appellant does not enumerate as error the trial court's ruling as to the hearsay objection that was raised. Accordingly, we likewise need not decide the admissibility of the contested testimony under *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982) and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984).

2. Appellant produced an expert witness who, on direct examination, testified that the consequential damages to the remaining property amounted to $18,000. After cross-examination, MARTA moved to strike the witness' testimony as to the $18,000 figure. The trial court granted the motion and appellant enumerates this ruling as error.

"A duly qualified expert may state his opinion as to value without the necessity of stating the facts on which his opinion is based. [Cits.]" *DeKalb County v. Cowan*, 151 Ga. App. 753-754 (261 SE2d 478) (1979). However, the instant motion to strike was granted after the witness had been cross-examined as to the $18,000 figure to which he had testified on direct. See *West End Cab Co. v. Collier*, 109 Ga. App. 555 (136 SE2d 512) (1964). In that cross-examination, the witness agreed that he was "not talking about consequential damages from those three easements. . . ." Instead, the witness stated that he was basing his calculation of consequential damages on the final overall effect that the completed MARTA rapid transit project would have on the resale value of appellant's home. However, insofar as the instant proceeding was concerned, no part of appellant's property had been taken for the actual construction thereon of the final MARTA project. All that was in issue was MARTA's two temporary easements which were to facilitate construction of the nearby project and the permanent utility easement to lay a sewer line. "In assessing consequential damages, only 'consequential damages, if any, which *naturally and proximately arise to the remainder of the condemnee's property from the original taking*' will be considered in the condemnation action. [Cit.] Therefore, it must be shown that the consequential damage to the remainder was 'a continuous and permanent incident' of the taking in the present action. [Cit.]" (Emphasis in original.) *Fountain v. DeKalb County*, 154 Ga. App. 302, 303 (267 SE2d 903) (1980). See also *Department of Transp. v. Simon*, 151 Ga. App. 807 (261 SE2d 710) (1979), aff'd 245 Ga. 478 (265 SE2d 777) (1980). The expert witness acknowledged on cross-examination that his testimony regarding consequential damages was not predicated

upon the *taking* of the three easements as to appellant's property but upon the ultimate proximity of the entire project to appellant's home. " 'Consideration of damages which arise from devoting the part of the land taken to the use for which it was taken is not the same as consideration of damages which arise from the entire "project." ' [Cit.]" *Fountain v. DeKalb County*, supra at 304. The trial court did not err in striking the testimony. See generally *Brown v. Techdata Corp.*, 238 Ga. 622, 628 (234 SE2d 787) (1977).

3. Appellant asserts that, after his expert's testimony as to consequential damages had been stricken, the trial court erred in not allowing appellant to "rehabilitate" that witness. However, appellant's expert was not impeached on cross-examination. As discussed in Division 2, the expert's testimony as to consequential damages was properly stricken on the basis that it was irrelevant in the context of the instant proceedings. After that cross-examination and the striking of the irrelevant testimony, appellant *was* allowed to recall the expert for purposes of redirect. When asked on redirect to give an opinion "now" as to the total award appellant should receive for the condemnation, the expert repeated "$28,345," the *exact* amount to which he had originally testified on direct examination and which had been shown on cross-examination to include $18,000 in unrecoverable consequential damages. At that point in the redirect examination, the trial court interrupted the witness and informed the jury that it had already given instructions "to disregard any testimony having to do with the $18,000 which was a part of this." Without objection, the trial court then instructed the expert to step down. At no point in the redirect examination did appellant endeavor to inform the court that the $28,345 amount to which the witness was "now" prepared to testify did *not* include the same unrecoverable $18,000 in purported consequential damages to which he had originally testified on direct.

"Where on the direct examination of a witness the party calling him propounds a certain question, which is answered, and counsel then proceeds to examine the witness on other matters and finally yields the witness to cross-examination by the opposite party, it is in the discretion of the court to refuse to allow the same question to be again propounded to the witness on the redirect examination, and, unless there be an abuse of discretion, such refusal will not authorize a reversal of the judgment of the court." *Lauchheimer & Sons v. Jacobs*, 126 Ga. 261 (3) (55 SE 55) (1906). "The conduct and extent of re-direct examination of [a] witness in order to neutralize the effect of cross-examination is left to the trial judge's sound discretion. [Cit.]" *Daugherty v. Vick*, 127 Ga. App. 767, 768 (195 SE2d 208) (1972). If appellant was attempting to prove on redirect that, unlike the testimony on direct, the witness "now" had an opinion as to total compensation which was comprised of recoverable elements, the trial court

should have been so informed. See *Welsh v. Fowler*, 124 Ga. App. 369, 370 (2) (183 SE2d 574) (1971). We find no abuse of discretion under the circumstances of the instant case.

4. The final enumeration is that the trial court erred in "effectively directing a verdict excluding consequential damages. . . ."

The trial court did not specifically direct a verdict for MARTA and against appellant as to consequential damages. The assertion that the trial court "effectively" did so is predicated upon the grant of the motion to strike the testimony of appellant's expert and the subsequent redirect examination of that witness. As discussed in Divisions 2 and 3 of this opinion, the trial court properly struck the direct testimony of appellant's expert and did not erroneously curtail the subsequent redirect examination of that witness. It follows that this enumeration is likewise without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1985.

*Bruce M. Rubin, Robert P. Hoyt*, for appellant.
*Jo Lanier Meeks, Charles N. Pursley, Jr.*, for appellee.