75595. AGS EMBARCADERO ASSOCIATES v. DEPARTMENT OF TRANSPORTATION.
(365 SE2d 125)

DEEN, Presiding Judge.

Appellant AGS Embarcadero Associates (AGS) owned an apartment complex consisting of 42 buildings containing 404 units and located at the intersection of I-85 and I-285 in the vicinity of Hartsfield Airport. In 1981 appellee Department of Transportation (DOT) filed a declaration of taking involving slightly more than 1/10 of an acre of the AGS property for use as an exit ramp. DOT ultimately paid into

the registry of the Fulton County Superior Court an amount in excess of $28,000, representing the fair market value of the land taken. AGS contended, *inter alia*, that consequential damages to the remaining property amounted to an inverse condemnation and counterclaimed for compensation for this damage, as well as for the 1/10 acre actually condemned and taken.

After a number of delays the case went to trial in 1987, and a DOT expert witness testified that the true value of the land taken was $26,420. AGS did not contest this figure but argued diminution in the value of the apartment complex, and particularly of an eight-unit building which was within 15 feet of the ramp built on the property actually taken. The trial court ruled, in effect, that there could be no evidence presented as to consequential damages not peculiar to condemnees. Testimony was presented that, on the basis of sales of comparable property in the vicinity, each of the eight units in the affected building was worth something over $16,000 before construction of the ramp. An expert witness for AGS testified that, on the basis of noise levels determined through scientific observation, the presence of the ramp in such immediate proximity to the affected building had rendered the eight units uninhabitable. There was no evidence offered as to the fair market value of the "uninhabitable" building after construction of the ramp on the condemned 1/10 acre. Appellant contends that such evidence was not proffered because the trial court expressly excluded it; appellee contends that no such exclusion was ordered.

The trial court ruled that, no evidence having been presented regarding the "after" value of the building, there was no issue to go to the jury as to special damages sustained by appellant in that respect. The court then directed a verdict of $26,420 as the amount due AGS in compensation for the 1/10 acre taken, including all easements. AGS appeals, enumerating the following errors: (1) the court's "addressing and ruling on the merits of AGS' claim for consequential damages prior to trial, without proper notice and without allowing AGS to proffer its evidence. . ."; (2) the judge's "prohibiting all evidence and testimony relating to damages occurring during the ongoing period of construction"; and (3) the trial judge's "directing a verdict against AGS as to consequential damages in the face of a prima facie case." *Held*:

1. Our scrutiny of the extensive record of the protracted proceedings in the instant case fails to persuade us that there is merit in either of appellant's first two enumerations.

2. In *State Hwy. Dept. v. Augusta Dist. of Methodist Church*, 115 Ga. App. 162 (154 SE2d 29) (1967), appellant condemned a small tract that was part of a conference ground owned by condemnee/appellee. After highway construction was complete, one of the several

cabins built and (prior to the condemnation) used for sleeping quarters by campers was found, after the taking and highway construction, to be situated in such close proximity to the road that the traffic noise, as well as the very fact of proximity, "rendered it useless for the purpose for which it was constructed." Id. at 163. It was uninhabited during the entire summer (i.e., the season for conferences and camp sessions) before the trial. Testimony was given as to the cabin's value ($5,000), the construction cost ($4,500), and the cost of moving it to another part of the campground ($4,375.96). A jury awarded $200 for the land taken and $4,300 for consequential damages to the remaining property. The Highway Department appealed, contending that the evidence was insufficient as to damages caused to the remainder of the property. This court affirmed, holding that "[t]he testimony as to the value, cost of construction, and expenses . . . to move the cabin [elsewhere on the grounds] was sufficient to support the verdict as to the amount of consequential damages." Id. at 164. Moreover, this court held at 163 that "[i]f shown to affect adversely the value and use of the condemnee's remaining property, evidence of noise and other elements may be taken into consideration by the jury in determining consequential damages." The court expressly held that in that fact situation it was not error to decline to direct a verdict on the consequential damages issue. Id. at 164.

We fail to see the qualitative difference between testimony as to the cabin's original value and its uninhabitability, and the testimony, proffered in part and excluded in part, in the instant case regarding the value ($16,000 per unit) and the uninhabitability of the apartment building nearest the exit ramp. *A fortiori*, we see no reason why testimony as to highway noise as a major factor contributing to uninhabitability would be any less admissible in the instant case than in the case cited supra. The fact that in the former case the condemnee owned land to which the affected cabin could be moved (and concerning the cost of which testimony could be given), whereas in the case *sub judice* no alternate site was available, makes no difference in the result. There can be no question that in both cases the consequential damages sustained by condemnees were different in kind from those sustained by the general public.

It was error for the trial court to exclude evidence of the adverse effect of noise on the remainder of the property following completion of the ramp, and as to the property's "after" value. The case should be remanded for retrial on the issue of consequential damages to the property remaining after the taking of the portion used for highway purposes.

*Judgment affirmed in part and reversed in part; case remanded. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1988 —
REHEARING DENIED JANUARY 19, 1988 — 

E. Kendrick Smith, Kenneth L. Millwood, for appellant.

Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beryl H. Weiner, Dennis S. Mackin, J. Matthew Dwyer, Jr., for appellee.