A89A0422. STEARNS et al. v. THOMAS.
(384 SE2d 672)

BEASLEY, Judge.

Following the overruling of a motion for new trial, plaintiffs Stearns appeal the judgment entered on the jury's verdict in favor of defendant doctor Thomas in their suit for the wrongful death of their nineteen-year-old son due to alleged negligent medical treatment.

The young man died at St. Mary's Hospital from complications from hemorrhaging related to stab wounds received in an altercation at the Waffle House in Madison. He had originally been admitted to Minnie G. Boswell Memorial Hospital and treated by Rhodes. The Stearnses filed separate wrongful death suits against another physician and, in different counties, against the Waffle House and against Boswell Hospital and Rhodes.

Thomas defended on the merits and on the basis that plaintiffs' damages had been satisfied by settlement of the Waffle House suit. Without objection from plaintiffs, defendant admitted into evidence copies of all the complaints and copies of documents which showed that the Stearnses, as the parents of the deceased, received $32,500 in settlement of the wrongful death suit against the Waffle House and that also Mrs. Stearns, in her capacity as administratrix of her son's estate, received $2,500 from Waffle House and its insurer in extinguishment of any claims for medical expenses, conscious pain and suffering, funeral expenses, and any claims for property damage which may have been incurred or sustained by the deceased as a result of his injury and death.

On the defense of satisfaction, the court charged "that a party is not entitled to receive more than one satisfaction in full from all parties involved for damages sustained. Therefore, if you find that the

plaintiffs in this case are entitled to recover from the defendant now before the court, then you must determine whether any payments already received from other persons who are not parties to this case amount to full satisfaction for the loss sustained or for the full value of the life of the deceased. In so doing, you should apply the following rules. If the full value of the deceased's life exceeds the amount already paid to the plaintiffs, then you should deduct from your award a sum equal to the amount already paid to the plaintiffs by third parties who are not a party to this case. If on the other hand, you find that the full value of the deceased's life is less than or equal to the amount already paid to the plaintiffs, then the plaintiffs would not be entitled to an award or any damages in this case, and you would be obligated to render a verdict in favor of the defendant."

Plaintiffs excepted to the charge on the basis that it was "confusing and misleading to the jury" but did not explain how or why this was so. The court inquired whether the objection was to the subject matter or the wording, and plaintiffs responded that they challenged both.

The Stearnses' sole contention on appeal is that the trial court erred by giving a charge to the jury which improperly stated the law applicable to the defense of satisfaction. They maintain that the instruction was error under the facts and as a matter of law because it required the jury to credit prior payments to a third party (administratrix) as compensation for damages (funeral expenses, etc.) other than those sought in the instant suit (value of life), because it did not properly instruct the jury to allocate such payments, and because it failed to place the burden of proof of a satisfaction upon defendant.

"OCGA § 5-5-24 (a) places the duty on counsel to exercise a high degree of clarity in objecting to charges. [Cit.]" *Turner v. Taylor,* 179 Ga. App. 574, 576 (4) (346 SE2d 920) (1986). While the statute " 'does not demand a formalistic, technically perfect objection,' " it does however require "that the grounds of the objection be stated distinctly enough for a ' "reasonable" trial judge to understand its nature, enabling him to rule intelligently on the specific point.' [Cit.]" *Green v. Dillard,* 176 Ga. App. 574, 576 (2) (337 SE2d 55) (1985), overruled only as to the requirement of a statement of grounds of objection to a trial court's *failure* to give a timely written request to charge, *Kres v. Winn-Dixie Stores,* 183 Ga. App. 854, 856 (3) (360 SE2d 415) (1987). Plaintiffs failed to apprise the trial court of the concern raised here about the instruction so as to permit the court to reconsider and correct the charge to the jury in a manner acceptable to them.

Even if we deem the objection sufficient to raise the present complaints, see *Department of Transp. v. Clower,* 170 Ga. App. 750 (2) (318 SE2d 161) (1984); *Segars v. Printing Svc. Co.,* 170 Ga. App. 345 (1) (317 SE2d 322) (1984) (non-precedential), the instruction does not

succumb to plaintiffs' ground.

First, a substantive charge on satisfaction was demanded by the evidence. In fact, the pre-trial order specified that plaintiffs had filed suit against the Waffle House for their son's wrongful death, that the suit was dismissed pursuant to payment by Waffle House's insurer of $32,500 to plaintiffs for a covenant not to sue, and that if the Waffle House and Dr. Thomas were found to be "joint" tortfeasors, Thomas was entitled to a credit against any liability in the amount of $32,500. (The latter precludes the argument that $32,500 covered also some other possible damages for some other possible cause of action.)

Furthermore, contrary to appellants' contentions on appeal, the nature of the damages for which plaintiffs had already been compensated was undisputed at trial and the documentation of who was compensated, for what, and in what amounts was introduced in evidence. This was without objection even though the $2,500 payment to Mrs. Stearns as administratrix was irrelevant to the claim and damages sought here. The confusion, if any, was attributable not to the charge but to the unobjected-to evidence.

Moreover, the charge did not fail to differentiate the parties receiving compensation and the amount of compensation to be credited to defendant if a plaintiffs' verdict was rendered. It specified that satisfaction related to payment received only for the full value of the son's life, by the parties in the instant suit, i.e., the Stearnses in their individual capacities.

Appellants' argument that the charge was fatally defective because it made no mention that the burden of proof of the affirmative defense was on defendant does not persuade because there was no dispute that plaintiffs had been compensated as claimed by defendant.

Satisfaction was undisputedly an issue. Plaintiffs did not object to evidence of either the same or other earlier compensated damages, did not request their own instruction in regard to prior satisfaction of the same damages, did not articulate with particularity how the court's charge must be improved, and did not object to a general verdict.

Finally, the court's charge taken as a whole, see *City of Atlanta v. Hadjisimos*, 168 Ga. App. 840, 842 (5) (310 SE2d 570) (1983), was not misleading or confusing and provides no basis for reversal of the trial court's judgment.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 19, 1989.

*Thomas C. Blaska*, for appellants.

*James E. Brim III*, for appellee.