A93A2105. DEPARTMENT OF TRANSPORTATION
v. LAWRENCE et al.
(441 SE2d 81)

McMURRAY, Presiding Judge.

The Department of Transportation ("DOT") brought this condemnation proceeding against 0.101 acres of land belonging to Hubert Lawrence and Alice Lawrence. The proceeding was brought to enable the DOT to change the slope of an embankment and increase visibility at an intersection. The Lawrences' house is situated approximately 80 feet from the side of the road.

---

The case was tried to determine just and adequate compensation for the property taken and consequential damages to the remainder. The jury returned a verdict in favor of the Lawrences for $19,400. Judgment was entered in accordance with the verdict and this appeal followed. *Held*:

In its sole enumeration of error, the DOT asserts the trial court erred in charging the jury as follows: "In determining whether or not to award consequential damages, you may consider all of the factors affecting the value after the taking — of value of the property after taking and applying it to highway construction including, but not limited to, traffic noises, loss of privacy, if such has been shown to you by the evidence, and such as will render it useless for the purposes for which it was constructed." (The authority for this charge was the case of *AGS Embarcadero Assoc. v. Dept. of Transp.*, 185 Ga. App. 574 (365 SE2d 125).) Specifically, the DOT posits that the phrase "will render it useless" required the jury to assume as a fact that proximity damages rendered the house useless as a dwelling place. We disagree.

"A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews*, 79 Ga. 1, 7 (1) (4 SE 13).

Viewing the charge as a whole, as we are bound to do, *State Hwy. Dept. v. Ferguson*, 112 Ga. App. 875, 876 (2) (147 SE2d 18), it is clear that the trial court left the issue of proximity damages vel non to the jury. The quoted portion of the charge makes that clear: The trial court instructed the jury that it could consider such damages "if such has been shown . . . by the evidence. . . ." Besides, the trial court went on to charge the jury, in its very next breath: "Thus, you may also consider the testimony as to the value, cost of construction expenses to move the house as a part of the consequential damages *if you find such are required in the use of the properties.*" (Emphasis supplied.) We find no error.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

Decided February 1, 1994 —
Reconsideration denied February 15, 1994 —

*Michael J. Bowers, Attorney General, McClure, Ramsay & Dickerson, John A. Dickerson, Elizabeth F. Moore*, for appellant.
*Stanley R. Lawson, Charles B. Brown*, for appellees.