A97A0067. WHITE et al. v. DEPARTMENT OF
TRANSPORTATION.
(489 SE2d 521)

McMURRAY, Presiding Judge.

The Georgia Department of Transportation ("DOT") filed a Declaration of Taking to condemn 0.027 acre of land belonging to condemnee-appellants Harold S. White, Jr. and Angelique deGolian White for "Project No. MLP-400 (27) Fulton County[, being] a project to construct Georgia 400 Extension at State Route 400 from Buckhead Loop north to I-85. . . ." DOT paid "$4,100.00 as estimated just compensation . . ." into the registry of the superior court. Dissatisfied with this amount, condemnees appealed to the superior court, where the case was referred to a special master. The special master awarded an interlocutory award of $6,000 as the actual market value of the property condemned and $84,000 as consequential damages to the remainder, and this award was confirmed by the superior court "without prejudice to any party to pursue a greater or lesser award. . . ." The issue of just and adequate compensation was ultimately tried before a jury, which awarded condemnees the total "sum of $7,500.00."

Following the denial of their motion for new trial, condemnees appeal from the final judgment entered on the jury's general verdict. Held:

1. Prior to trial, the presiding judge ratified an earlier evidentiary ruling by a different judge who had granted DOT's motion in limine. This motion sought to exclude "any reference to any damages that may result from some part of the project other than the taking of the condemnee's property." This would also exclude reference to "damages from the construction on portions of the roadway project which it [DOT] already owned, or from other parcels which were owned by parties, other than the condemnees."

The presiding judge ruled that if condemnees "seek compensation for any alleged diminution in value of their property as a result of the Georgia 400 Construction Project, as opposed to the taking of this 0.027 ACRES OF LAND, this [condemnation proceeding] is not the proper vehicle," apparently concluding that a separate action for inverse condemnation was necessary.

Condemnees enumerate this ruling as error, contending the trial

court "erred in excluding evidence and argument of proximity of the highway to the remainder as an element reasonably affecting the value of Condemnees' property and erred by refusing Condemnees' charge no. 16 And giving Condemnor's charge no. 21."

"Consequential damage to property is a 'taking' entitling the owner to compensation, and where part of a tract is taken, consequential damages to the remainder must be sought, if at all, during the proceedings to establish the value of the land taken [because a] judgment of condemnation precludes a subsequent action for consequential damages unless they result from negligent or improper construction. [Cits.]" (Footnote omitted.) *Wright v. MARTA*, 248 Ga. 372, 374-375 (283 SE2d 466). In our view, the trial court's ruling that the proximity of condemnees' remainder to the Georgia Highway 400 project is not relevant to this condemnation proceeding is in error, for in this case, some portion of condemnees' property was actually taken for the actual construction of the Georgia 400 project.

" 'There are only two elements of damages to be considered in a condemnation proceeding: first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part [that] is taken *and the devoting of it* to the purposes for which it is condemned. . . .' *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781) (1952)." (Emphasis omitted in part.) *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777).

"A jury is entitled to hear evidence that an ordinary buyer on the date of taking would consider, inter alia, the potential benefits of the condemnor's completed project and the effect of delay or uncertainty in the project's completion. (Footnote omitted.) See *Wright v. MARTA*, 248 Ga. 372, 375-376, [supra]." *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336, 337 (3) (467 SE2d 319). "In the Elevated Railroad cases, damages from smoke and noise were allowed to abutting property owners." *Austin v. Augusta Terminal R. Co.*, 108 Ga. 671, 681 (34 SE 852), disapproved on other grounds, *Bowers v. Fulton County*, 221 Ga. 731, 734 (2), 736-737 (146 SE2d 884). Nevertheless, "[t]he proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking. [Cits.]" *Wright v. MARTA*, 248 Ga. 372, 376, supra. Whether the remainder was damaged or benefited by its proximity to the Georgia 400 project was relevant to the jury's determination of just and adequate compensation. Whether any diminution in fair market value of the remainder in its condition immediately after the taking, considering the use to which the portion actually taken was devoted, was substantial or de minimis was a question for the trier of fact. DOT's motion in limine

was overbroad, and the trial court erred in excluding relevant evidence.

*Herron v. MARTA*, 177 Ga. App. 201, 202 (2) (338 SE2d 777) does not control. In *Herron*, "condemnation proceedings were initiated to acquire three easements. . . ." Id. at 201. The trial court struck the testimony of the homeowner-condemnee where the witness "was basing his calculation of consequential damages on the final overall effect that the completed MARTA rapid transit project would have on the resale value of [that condemnee's] home." Id. at 202 (2). This Court affirmed, reasoning that "no part of [that condemnee's] property had been taken for the actual construction thereon of the final MARTA project. All that was in issue was MARTA's two temporary easements which were to facilitate construction of the nearby project [plus a] permanent utility easement to lay a sewer line." Id. at 202 (2). Likewise, *Mason v. Dept. of Transp.*, 159 Ga. App. 471 (283 SE2d 690) does not control. In *Mason*, the devotion of the land actually taken was to extend a drain pipe from an existing right of way. Id. It was not taken for the initial construction of a major highway.

2. Remaining enumerations have been considered and are found to be without merit or else to present circumstances unlikely to recur upon any retrial.

*Judgment reversed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 17, 1997 —
RECONSIDERATION DENIED JULY 23, 1997 —

*Greene, Buckley, Jones & McQueen, Daniel A. Angelo,* for appellants.

*Harold S. White, Jr.,* pro se.

*Thurbert E. Baker, Attorney General, Cathy A. Cox-Brakefield, Senior Assistant Attorney General, Dwyer, White & Sapp, Anne W. Sapp, Carmen Smith,* for appellee.