S97G1900. DEPARTMENT OF TRANSPORTATION v. WHITE et al.
(508 SE2d 407)

HINES, Justice.

We granted certiorari in this condemnation case to consider the Court of Appeals' determination that evidence of damage or benefit to the remainder of the property by enhanced impact from Georgia 400 was relevant to the jury's determination of just and adequate compensation to the landowners. *White v. Dept. of Transp.*, 227 Ga. App. 488 (489 SE2d 521) (1997). Under the facts of this case, effect on the remainder from increased exposure to the highway was legally

relevant to the issue of just and adequate compensation, and we affirm.

The Georgia Department of Transportation (DOT) filed a declaration of taking to condemn 0.027 acres of residential property owned by the Whites as part of the project to extend Georgia 400. The heavily forested tract, which abutted an existing Fulton County right-of-way, was located at the rear of the Whites' property near the Whites' swimming pool and pool house. The condemned tract was used as part of the slope support for the highway, with the result that the roadway ran approximately 100 feet from the Whites' pool. DOT offered the Whites $4,100 for the taking. After appeal to the superior court, the case was referred to a special master, who made an interlocutory award of $90,000 — $6,000 for actual market value of the condemned property and $84,000 as consequential damage to the remainder.[1] Ultimately, the issue of just and adequate compensation was tried before a jury, which awarded the Whites $7,500. As the result of the grant of DOT's motion in limine, the jury was precluded from considering evidence of damage or benefit of impact to the remainder from increased exposure to the highway as an element affecting the determination of just and adequate compensation. The Court of Appeals reversed, concluding that the trial court erred in excluding relevant evidence.

DOT urges that the decision of the Court of Appeals runs afoul of precedent and improperly allows the Whites to bring into evidence in the direct condemnation proceeding the entire project's effect on the remainder when their only recourse for a claim of diminution of the remainder is to pursue a separate action for inverse condemnation. But that is not so.

In a condemnation proceeding involving a partial taking, two elements of damage are to be considered. The first is the market value of the property actually taken. The second is the consequential damage that will " *'naturally and proximately arise* to the remainder of the owner's property *from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned . . . .'* [Cit.]" (Emphasis in original.) *Simon v. Dept. of Transp.,* 245 Ga. 478 (265 SE2d 777) (1980). Such consequential damage to the remainder, if sought, must be pursued during the proceedings to establish the value of the condemned land because a judgment of condemnation precludes a subsequent action for consequential damage unless such damage results from negligent or improper construction. *Wright v. MARTA,* 248 Ga. 372, 375 (283 SE2d 466) (1981). Of course, "[c]onsideration of damages which arise from devoting the part of the

---

[1] The special master found no consequential benefit to the remainder.

land taken to the use for which it was taken is not the same as consideration of damages which arise from the entire 'project.' " *Simon v. Dept. of Transp.*, 245 Ga. at 478. See also *Dept. of Transp. v. Acree Oil Co.*, 266 Ga. 336, 342 (2) (467 SE2d 319) (1996); *Herron v. MARTA*, 177 Ga. App. 201, 203 (2) (338 SE2d 777) (1985).

However, contrary to DOT's assertion, the consequential damage the Whites seek does not arise from the entire Georgia 400 project but stems directly from the utilization of the condemned tract for its intended purpose. *Simon*, supra at 478. The Whites' claim is that the taking of the heavily forested rear of their lot removed a significant buffer between the remainder and the roadway, adversely impacting the remainder by enhanced noise, dust, loss of privacy, and other negative factors. A similar claim for consequential damage was at issue in *Dept. of Transp. v. Swanson*, 191 Ga. App. 752 (382 SE2d 711) (1989), in which DOT widened the highway lanes on the right-of-way property it already owned but in the process condemned .801 acres of the landowner's property, which abutted the pre-existing right-of-way and which had contained vegetation shielding the landowner's remaining property from the interstate highway. There it was determined that the trial court properly charged the jury that it could consider effect to the remaining property from increase in noise and dust arising from the highway, and that noise and dust were elements reasonably affecting the value of the remainder because the jury was allowed to consider "all the elements reasonably affecting value." Id. at 755 (4), quoting *Wright v. MARTA,* 248 Ga. at 375. *Swanson* echoes other cases recognizing the admissibility of evidence of noise and other elements resulting from increased impact from the roadway on the question of consequential damage. See, e.g., *Dept. of Transp. v. Lawrence*, 212 Ga. App. 72 (441 SE2d 81) (1994); *AGS Embarcadero Assoc. v. Dept. of Transp.*, 185 Ga. App. 574 (365 SE2d 125) (1988); *State Highway Dept. v. Davis*, 129 Ga. App. 142 (199 SE2d 275) (1973); *State Highway Dept. v. Augusta Dist. &c.*, 115 Ga. App. 162 (154 SE2d 29) (1967).

Here, the alleged consequential damage to the remainder is " 'a continuous and permanent incident' of the taking. . . ." *Herron*, supra at 202 (2), quoting *Fountain v. DeKalb County*, 154 Ga. App. 302, 303 (267 SE2d 903) (1980). Compare *Mason v. Dept. of Transp.*, 159 Ga. App. 471 (283 SE2d 690) (1981). Accordingly, the Court of Appeals correctly determined that in this case any exclusion of evidence of consequence to the remainder by virtue of increased impact from the highway was error.[2]

---

[2] DOT's reliance on statements from the Whites' expert about insufficient market evidence to make a judgment on the diminution in value to the remainder solely from the taking begs the legal question at issue. The jury was to determine for itself, from all of the

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998 —
RECONSIDERATION DENIED DECEMBER 4, 1998.

*Thurbert E. Baker, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Dwyer, White & Sapp, Anne W. Sapp,* for appellant.

*Greene, Buckley, Jones & McQueen, Daniel A. Angelo,* for appellees.

---

legally relevant evidence, whether the Whites were entitled to consequential damages. Moreover, an asserted insufficiency in the condemnee's evidence is not to be resolved on a motion in limine, which determines merely the admissibility of evidence. *Exxon Corp. v. Dept. of Transp.,* 202 Ga. App. 43 (1) (413 SE2d 238) (1991).