### 43743. STATE HIGHWAY DEPARTMENT v. HOOD.

WHITMAN, Judge. 1. In this case, involving condemnation, there was evidence that a 33.8 acre strip of land was taken for highway construction purposes from the condemnee's 290 acre parcel; that approximately 200 acres of the parcel were under lease to another who conducted a dairying operation thereon; and that the taking left the remaining parcel divided into two portions connected only by a combination drainage and passage way constructed under the highway.

In a case such as this the condemnee is entitled to just and adequate compensation for the property actually taken. He is also entitled to consequential damages, if any, to the property which he retains after the taking, i.e., the remainder. The determination of what is just and adequate compensation with regard to the *land actually taken* is not in all cases limited to the property's value as a mere piece of realty or improved realty, e.g., the taking of a piece of realty may carry with it an established business in a unique location, the loss of which will be attended with a loss of profits, loss of business, moving expenses, etc. Thus in an appropriate case, just and adequate compensation for land actually taken will include its market value at the time of the taking plus additional items. See *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884).

The measure of consequential damage to the remainder is the diminution, if any, in the market value of the remainder in its circumstances just prior to the time of the taking compared with its market value in its new circumstances just after the time of the taking.

In the present case there was evidence that rental income had been reduced and also that the tenant did not intend to renew the lease when it expired because of the changed condition of the property.

The court charged the jury that: "If you find from the evidence in this case that the property owner in this case was renting a dairying operation upon her property and that the State Highway Department condemned and took a portion of that property, and that because of such taking of the property condemned, the owner was directly damaged with respect to the dairying operation by way of loss of all of, or a portion of the rental from said dairying operation, I charge you that said

owner is entitled to recover by way of damages such loss of rent as a separate item of damages additional to the value of the property actually taken in the condemnation proceeding. Such item of damage if you find that the property owner has been damaged with respect to the same, is a portion of the just and adequate compensation which is due to the owner by the Constitution of this State."

The following charge was also given: "[I] charge you that where a property owner is renting her property for a dairy operation upon her property and, as a result of the condemnation of a part of her property is required either to do away with that dairy operation completely, or to substantially reduce her rental income because of the loss of the land taken, thereby suffering a loss of, or a reduction in income from said operation, said property owner is entitled to recover by way of damages such loss, injury to, or reduction of income as you may determine from the evidence as having been reasonably suffered by the owner of the land as a separate item of damages additional to the value of the property actually taken in the condemnation proceeding. Such item of damages if you find that the property owner has been damaged with respect to the same is a portion of the just and adequate compensation which is due to the owner by the Constitution of this State."

These charges were excepted to and enumerated as error on this appeal as not in accordance with the law.

2. The quoted charges were equivalent to an instruction that the jury might award compensation for the 33.8 acres of land actually taken *plus* any loss of income attributable to the taking. The court elsewhere in the charge instructed the jury regarding their duty to award consequential damages, if any, to the land remaining after the taking.

This case is not a case like *Bowers,* supra, where there was an established business located upon the property, the whole of which was taken. The value of the property to Bowers was not reflected by the mere market value of the realty that was taken.

Let us examine the land here prior to the condemnation. The value of the land to the owner is the intrinsic value of the land itself. It will demand a certain price in the market place because it is suitable for certain uses by an owner or for rental for certain purposes, e.g., dairying or growing crops,

722

or some other use. This is an important consideration in determining its market value. But the point is that when the owner of such land is compensated for the value of the land taken, at whatever that value may be, he is made whole. Likewise, when there is a remainder and the owner is compensated for its change in market value, if any, as a result of the taking, he is made whole. Rental value or diminished rental value for any purpose is no basis for compensation, or to be considered, *except insofar as it helps to establish the property's market value. Streyer v. Ga. S. & F. R. Co.,* 90 Ga. 56 (2) (15 SE 687) ; *City of Atlanta v. Atlas Realty Co.,* 17 Ga. App. 426 (2b) (87 SE 698) ; *City of Atlanta v. Gore,* 47 Ga. App. 70 (5) (169 SE 776) ; *Southern R. Co. v. Leonard,* 58 Ga. App. 574, 581 (199 SE 433). There was no showing here as in the *Bowers* case that the value to the owner of the land taken was other than its own intrinsic value for certain purposes.

A new trial is required.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 3, 1968—DECIDED NOVEMBER 26, 1968.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Robert E. Sherrell, Assistant Attorneys General, Eugene P. Baldwin,* for appellant.

*E. R. Lambert, Vaughn & Barksdale, A. R. Barksdale, Joe H. Bynum, Jr.,* for appellee.