### 53277. GEORGIA POWER COMPANY v. COLE et al.

SMITH, Judge.

This is a condemnation case where the condemnees, Cecil Cole et al., were dissatisfied with the compensation awarded by a special master. They appealed to the Glynn County Superior Court and received a more favorable award of $23,500 from the jury. Georgia Power Company, condemnor, appeals to this court, claiming the lower court erred in admitting testimony concerning future uses of the property, potential rental income from the property, consequential damages to noncondemned portions of the tract, and the condemnor's use of roadways over noncondemned portions. We find no error in the lower court's rulings on these questions.

1. Condemnor first complains that the condemnee's testimony about his plans to develop the land for a mobile home park was speculative and improper. The question is one of relevance: whether the future use of the land is relevant to a determination of the value at the time of taking. On this question, Code § 36-505 declares that

"inquiry may be made as to all other legitimate purposes to which the property could be appropriated." The test is whether the land is legitimately usable for other purposes, not whether such use is certain. *Moore v. State Hwy. Dept.,* 221 Ga. 392 (144 SE2d 747). Of course, possible future uses will not influence the present market value of a tract unless there is a demand for such uses or they are otherwise reasonably probable. *State Hwy. Dept. v. Hodges,* 123 Ga. App. 806, 808 (182 SE2d 485). The trial court is entrusted with the discretion to determine whether, in a particular case, a foundation has been laid sufficiently to relate future uses to present values. This test of relevancy is whether there is a reasonable probability that the land can be used as contended. *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849 (128 SE2d 520). If the evidence is admitted, the quantum of effect, if any, is exclusively a jury question.

In this case, Cecil Cole testified that prior to the taking he had investigated mobile home park development costs, including the costs of road building, power supply, water supply, and sewage disposal. Other mobile home parks were operating nearby. There was testimony that there was further demand for such areas, and Cole's land was particularly well suited. From this evidence the trial court was authorized to find that the land could be used as a mobile home park and that evidence concerning this possible use would be relevant to a determination of value at the time of taking.

2. Condemnor's next objection, that it was error to admit testimony concerning the rental income which would be possible if the condemnee developed the mobile home park as conceived, is controlled by the same principles. Evidence of the rental value of land, including future rental value, is relevant only insofar as it bears on the market value of the land at the time of taking. *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601). Whether future income is so likely that it may affect the present market value is a threshold relevancy question for the trial court; the degree of effect, if any, is a jury question. It was no abuse of discretion to admit this testimony.

3. Nor was it error to allow opinion testimony as to

the consequential damages caused to noncondemned portions of the condemnees' land. John Jones testified that twenty acres of the tract were damaged by the easement and that each had been worth $4,500 prior to the taking but was worthless after the taking. He amply testified to his bases for these conclusions and to his competence to draw them. That the jury scrutinized his testimony, his qualifications, and his reasoning is demonstrated by their refusal to award the $90,000 in consequential damages which he computed ($4,500 per acre x 20 acres).

4. Finally, the condemnor argues as error: "Mr. Cole was permitted to testify that Georgia Power Company employees used the road over his property, without his consent prior to acquisition of a legal right to it, as well as damaging his diving board in his pond. (T. 266)." Nowhere in the cited passage does it appear that Mr. Cole's testimony concerned use of his roadways *prior* to the taking of the easement, and testimony relating to use after the taking was relevant to show the extent of ingress and egress occasioned by the grant of that right in paragraph five of the condemnation instrument. As to testimony concerning damages to his diving board, that testimony came in an unresponsive answer, was objected to, and the objection was sustained. The appellant made no motion to strike the testimony, and the testimony was not again elicited. Thus, there is no cognizable claim of error.

5. Appellant's remaining enumerations of error were not argued by brief nor at the hearing and they are deemed abandoned.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 18, 1977 — DECIDED MARCH 17, 1977 — REHEARING DENIED MARCH 31, 1977 —

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner,*

*John M. Gayner, III,* for appellees.