53851. GLYNN COUNTY v. VICTOR et al.

McMURRAY, Judge.

This is a condemnation case. Glynn County, Georgia filed its proceeding for condemnation of the subject property, and the special master returned his findings in the amount of $9,895. The condemnees appealed to a jury which returned a verdict in the amount of $34,250. Condemnor's motion for new trial was denied, and it appeals. *Held:*

1. Condemnees were Angelo Victor, the owner of the property, and Dr. Roy F. Thagard, the holder of a deed to secure debt on the property. The condemnor contends that the court erred in permitting the condemnee (owner) to introduce into evidence the deed to secure debt securing a loan on the property and in permitting testimony of the outstanding balances owed and secured by that deed to secure debt at the date of the taking. Condemnor argues that a mortgage on land is not evidence of the value of the land, citing 31A CJS 464, Evidence, § 182 (1). Condemnees counter with the argument that the evidence of the deed was admissible to prove that Dr. Thagard was in fact a proper party to the action and to show how much he was entitled to in this proceeding. The issue in the appeal to the jury is as to the value of the property being condemned. See Code Ann. § 36-614a (Ga. L. 1957, pp. 387, 396). The court is then the arbiter of any dispute concerning the division of the money placed in the registry of the court for the use, benefit and subject to the demands of the condemnees. Code Ann. § 36-616a (Ga. L. 1957, pp. 387, 396). However, the evidence shows that the amount of the debt on the property was equal to the purchase price of the property, and we fail to see any manner in which the jury would have been prejudicially misled by the admission of the evidence concerning the

amount of a debt on the condemned property. A harmless error does not require reversal. *Midland Properties Co. v. Kennedy,* 100 Ga. App. 37, 38 (110 SE2d 120); *Harwell v. Peoples Loan &c. Co.,* 101 Ga. App. 100 (1) (112 SE2d 800).

2. Condemnor contends that the court erred in charging the jury it might consider the loss of the business as well as the land and building in determining value. Here the condemnee (owner) testified that the restaurant which he operated on the condemned property was forced to close due to cancellation of his insurance policy and that the cancellation of that policy grew from his failure to make repairs to the building in the face of the imminent condemnation of the property. The condemnor contends that there was evidence the business was closed some three years before the date of taking and that the charge given was not adjusted to the facts of the case by instructing the jury as to a finding where that fact is a controverted fact. It has been settled that the destruction of an established business is a separate item of recovery. See *Bowers v. Fulton County,* 221 Ga. 731, 734 (2)—739 (146 SE2d 884). Therefore, condemnor's contention that allowing condemnee (owner) to recover his business losses is tantamount to allowing the jury to establish a value at a date prior to the date of taking is without merit. The case sub judice is unlike *Housing Authority v. Schroeder,* 222 Ga. 417 (151 SE2d 226), where admissibility of evidence of fair market value as of a date other than that of the actual taking was involved. This case involves the right to specific damages as other elements of compensation in a condemnation case. See *R. E. Adams Properties, Inc. v. City of Gainesville,* 125 Ga. App. 800, 804 (2) (189 SE2d 114); *Bowers v. Fulton County,* 221 Ga. 731, 734 (2), supra.

3. There is no error in charging the jury that they were entitled to consider the peculiar value of the property to the owner, although condemnor contends there was no evidence of peculiar value. Angelo Victor testified that his restaurant had a meal ticket arrangement with a nearby business whereby employees of this business were given meal tickets which were used to obtain meals at his restaurant and for which he was paid by the business. Mr. Victor further testified he was also getting business from a nearby industrial concern

and was getting all the business from a motel located right in front of his restaurant. Slight evidence consisting of inferences drawn from the testimony is sufficient to authorize a jury instruction, and the evidence need not be substantial or direct. The greater preponderance of the evidence may tend to show that a supposed state of facts does not exist, but here there was sufficient testimony to authorize a jury inference that in the present case an owner-value approach to valuation would be different from a fair market value approach. The charge as to peculiar value is authorized. *Housing Authority v. Troncalli,* 111 Ga. App. 515, 517 (142 SE2d 93). Here inferences may be drawn that the meal ticket arrangement with the nearby business, as well as the business from a nearby industrial concern and all the business from a motel located right in front of his restaurant, are sources of business available only to Mr. Victor.

4. Condemnor has not supported its enumeration of error number 2 in its brief by citation of authority or argument. This enumeration of error is therefore deemed to have been abandoned. See Rule 18 (c) (2); Code Ann. § 24-3618 (c) (2).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 2, 1977 — DECIDED SEPTEMBER 7, 1977.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,* for appellant.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellees.