## 35770. SIMON v. DEPARTMENT OF TRANSPORTATION.

BOWLES, Justice.

We granted certiorari to consider the decision of the Court of Appeals in *Dept. of Transp. v. Simon,* 151 Ga. App. 807 (261 SE2d 710) (1979). In brief, the pertinent facts are as follows: Portions of Simon's property were condemned as were portions of property of an adjoining landowner. Simon appealed her award of damages and a jury awarded her substantially more. The Department of Transportation, hereinafter D.O.T., then appealed and the Court of Appeals reversed holding that the jury should not have been permitted to take into account the possibility that Simon's property was subject to a private condemnation because the government condemnation had landlocked the adjoining landowner. The Court of Appeals held that such damages had to be sought in a separate action against D.O.T.

We conclude that the decision of the Court of Appeals is well-considered and correct. The cases cited by Simon do not support her position that the jury must consider the "effect of the project" on the land. Rather, these cases are examples of the rule as stated by the Court of Appeals. "There are only two elements of damages to be considered in a condemnation proceeding: first, the market value of the property actually taken; second, the consequential damage that will *naturally and proximately arise* to the remainder of the owner's property *from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned . . ." McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781) (1952) (Emphasis supplied.) Consideration of damages which arise from devoting the part of the land taken to the use for which it was taken is not the same as consideration of damages which arise from the entire "project."[1]

---

[1]It was asserted at oral argument that the adjoining landowner's land was not condemned until *after* Simon's. "The measure of consequential damages if any, to the property which the condemnee retains, is the market

The Court of Appeals acknowledges that a property owner may have a cause of action for damages accruing to his or her property arising out of the condemnation of another's property. The only question is, assuming that Simon can bring a *separate* suit for damages accruing to her land based on the condemnation of her neighbor's land, can that suit be consolidated and tried in the initial condemnation action?

Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon. In *Ga. Power Co. v. Bray,* 232 Ga. 558 (207 SE2d 442) (1974), Georgia Power condemned an easement over a piece of property jointly owned by a Mr. Mosley and a Mr. Bray. Mr. Bray individually owned a piece of property contiguous to the jointly owned property. In the trial of the condemnation case, the judge permitted evidence to go to the jury as to consequential damages to Mr. Bray's separately owned (and non-condemned) property arising out of the condemnation of the jointly owned property. This court found that to be error, stating that such a claim for damages could not be asserted in the condemnation action; a separate action had to be brought against the condemnor. See *Bray,* 232 Ga. at 561. In *MARTA v. Datry,* 235 Ga. 568 (220 SE2d 905) (1975), Datry and others sued to enjoin construction of a MARTA station until just and adequate compensation had been paid to them for the taking of their property. This court affirmed the trial

---

value of the remainder in its circumstances just prior to the time of the taking, as compared with its market value in its new circumstances *just after the time of the taking."* *Reed v. City of Atlanta,* 136 Ga. App. 193 (220 SE2d 492) (1975) (Emphasis supplied.) If the condemnations occurred in the order alleged, "just after the time of the taking" in Simon's case, Simon's neighbor was not landlocked. Therefore, for that reason as well, evidence of the landlocking would not be admissible in Simon's condemnation suit.

court's injunction but found that the trial court had erred in considering noise, smoke, and dust incidental to the construction process as elements of consequential damages resulting from the taking of the property. The court held that if the plaintiffs had suffered compensable damage in that manner, their remedy was a separate suit for damages. Accord, *Southwire Co. v. Dept. of Transp.* 147 Ga. App. 606 (249 SE2d 650) (1978).

We conclude that the Court of Appeals did not err in holding that damages to Simon's property resulting from the condemnation of her neighbor's property, if compensable, must be sought in a separate action against the condemnor.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 21, 1980 — DECIDED FEBRUARY 27, 1980 — REHEARING DENIED MARCH 18, 1980.

*Patrick J. Rice,* for appellant.
*D. Field Yow, Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellee.