## 63319. COLLINS v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

SHULMAN, Presiding Judge.

A condemnation complaint against property partially owned by appellant was filed on behalf of Metropolitan Atlanta Rapid Transit Authority (MARTA) in March 1979. A special master, appointed by the superior court, held hearings and subsequently awarded $126,870.02 to the condemnees as just and adequate compensation for the property condemned and for consequential damages to the

remainder. When both parties filed exceptions to the award, a jury trial ensued at which the condemnees were awarded $136,104. Appellant-condemnee now appeals from the judgment entered on this jury verdict.

1. Appellant first maintains that the provisions of Code Ann. Ch. 36-6A are unconstitutional in that a condemnee is deprived of due process and equal protection of the laws. These issues have been decided adversely to appellant in *O.K., Inc. v. State Hwy. Dept. of Ga.,* 213 Ga. 666 (100 SE2d 906); and *State Hwy. Dept. v. Respess,* 111 Ga. App. 787 (2) (143 SE2d 434). " 'So long as the procedure used to take the condemnee's property is in accordance with the law he has no ground of complaint because another procedure, also authorized by law, was not used.' " Id., p. 789.

2. Appellant next takes issue with the trial court's ruling that the temporary construction easements were properly described as easements of 16 months' duration. The condemnor described the length of the temporary construction easement sought as: "a period of sixteen (16) consecutive months, commencing upon no less than ten (10) days prior notice, said notice to be given at Condemnor's (or its assign's) option, no sooner than the date of Judgment, and no later than November 1, 1980 . . ." Appellant contends that the above description allowed the condemnor to take the property in question from the date the complaint was filed (March 29, 1979) until 16 months after November 1, 1980. Such a reading ignores the actual language of the description, and the trial court was correct in ruling that the described length of the temporary easement was 16 months. *City of Atlanta v. Airways Parking Co.,* 225 Ga. 173 (4) (167 SE2d 145), cited by appellant, is distinguishable from the present case. In that petition, the city sought exclusive possession of the designated area " 'for a period or periods which in the aggregate shall not exceed 18 months,' " and the Supreme Court ruled that the description did not give the condemnee sufficient adequate notice of the property rights to be taken. The description in the present case did not share this inadequacy.

3. The condemnor also retained a permanent subsurface easement and placed certain restrictions upon appellant's use of the surface easement: any use of the easement area resulting in a load factor greater than 600 pounds per square foot was forbidden, and the condemnor's written permission was necessary before any permanent structures or excavations could take place within the easement area. Appellant maintains that these restrictions are impermissibly vague because the condemnor can disapprove appellant's plans for surface improvements "for any reason whatsoever." Again, the appellant misreads the condemnation

complaint. The condemnor may only "determine whether [appellant's plan] exceeds the above described load limit or otherwise hinders or restricts Condemnor's (or its assign's) rights under this Subsurface Easement." The limitations placed on the usage of the surface above the subterranean easement were stated clearly in the complaint, and were considered by the jury when it awarded just and adequate compensation for the property taken and the consequential damages suffered.

4. The failure to charge on unique value was not error since there was no written request to so charge and the issue was not raised by the evidence. *Theo v. D. O. T.*, 160 Ga. App. 518 (8) (287 SE2d 333).

5. Appellant claims he was denied the opportunity to present evidence on the effect the condemnor's announcement of its intent to take the property (made one year prior to the actual filing of the condemnation complaint) had on the condemnee's rental property. Contrary to appellant's assertion, such evidence was allowed at trial.

6. In a related enumeration of error, appellant takes issue with the trial court's ruling that appellant was not entitled to damages for loss of business. Appellant seeks reimbursement for the loss of rental payments for the year prior to the filing of the condemnation complaint, asserting that he was unable to rent the houses on the property once the condemnor announced its plans to take the property. Such a "loss" is not compensable. See *Housing Auth. of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226); *DeKalb County v. Queen*, 135 Ga. App. 307 (10) (217 SE2d 624). Compare *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884); and *Glynn County v. Victor*, 143 Ga. App. 198 (237 SE2d 701), cases in which the condemnee was operating a business on the condemned property.

7. In his final enumeration of error, appellant maintains that the trial court erroneously granted the condemnor's motion in limine which prevented the condemnee from presenting evidence of an exchange of property between the condemnor and another condemnee.

"It is true that the courts of this state have long held that sales of land to condemning authorities are inadmissible as evidence in condemnation proceedings on the issue of the value of the land sought to be condemned. [Cits.]" *Oglethorpe Power Corp. v. Seasholtz*, 157 Ga. App. 723, 724 (278 SE2d 429). "[T]his general rule [is] based upon the consideration that in such transactions neither party is necessarily free from compulsion — the necessity to acquire as to the one party and the positive necessity to give up on the part of the other." *Ga. Power Co. v. Brooks*, 207 Ga. 406, 410 (62 SE2d 183). The same consideration is applicable to an exchange of land "owned" by the condemnor for property it will otherwise condemn and take.

The third party (in this case, Southern Bell) is not able to deal with the condemnor at arm's length while the threat of condemnation if no deal is struck hangs over its head. Thus, the trial court did not err when it refused to allow appellant to introduce evidence concerning the value of the land exchanged by the condemnor and Southern Bell.

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs specially.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JULY 19, 1982 — ▮▮▮▮▮▮▮▮

*Glenville Haldi,* for appellant.
*Jo Lanier Meeks, Karen Wildau, Charles N. Pursley, Jr., Isabel Gates Webster, Bruce L. Whitmer,* for appellee.

CARLEY, Judge, concurring specially.

I completely agree with the majority's conclusion that the judgment entered on the jury verdict in this case should be affirmed. I also share the majority's observation in Division 5 that "[c]ontrary to appellant's assertions," he was allowed by the trial court to present evidence concerning the effect on the condemned property of the announced intention of the condemnor to acquire the property. Therefore the record does not reveal the adverse evidentiary rulings of which appellant complains. However, it is my opinion that even had the trial court excluded the evidence proffered by the appellant, there would have been no error. *Housing Auth. of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226) (1966); *Will-Ed Enterprises v. MARTA,* 139 Ga. App. 829 (229 SE2d 763) (1976).