66453. DEPARTMENT OF TRANSPORTATION v.
SEQUOYAH LAND INVESTMENT COMPANY, INC. et al.

SOGNIER, Judge.

The Department of Transportation (DOT) condemned 2.176 acres of land owned by Sequoyah Land Investment Company, Inc. and various other interested parties during the construction of Interstate 575 in Cherokee County. The land was part of an 86.176 acre parcel, zoned for residential use, to which sole access had been provided by Rope Mill Road. DOT's taking of the 2.176 acres did not in itself block access to the remainder of the property; however, construction of the interstate required cutting Rope Mill Road in half and relocating the road across a bridge which would span the interstate. The projected time from the taking of the land until completion of the new road and bridge was 37 months.

DOT valued the land at $1,740 and paid that amount into the court. The condemnees were dissatisfied with the valuation and demanded a jury trial on the issue of just and adequate compensation. The jury returned a verdict of $38,000 in favor of condemnees which was made the judgment of the court. DOT appeals.

1. DOT contends that the trial court erred by admitting evidence which indicated that the construction of the interstate had eliminated all access to condemnees' property by way of Rope Mill Road and that no access was yet possible by way of New Rope Mill Road. DOT asserts that a contract between itself and a third party contractor provided for maintaining access over Rope Mill Road and that condemnees could have mitigated the damages caused by any alleged lack of access by requesting the contractor to fulfill this contract.

Although there is a duty on the condemnee to take reasonable steps to minimize damages, there was sufficient evidence presented to authorize a jury to find that such steps had been taken. See *DOT v. Eastern Oil Co.,* 149 Ga. App. 504, 505 (4) (254 SE2d 730) (1979). The trial court did not err in admitting evidence as to condemnees' lack of access to their property because interference with access is such a taking or damaging as entitles a party injured to just and adequate

compensation, *Downside Risk, Inc. v. MARTA,* 156 Ga. App. 209, 214 (5) (274 SE2d 653) (1980), and it is a jury question whether that access was taken. See generally, *Price v. State Hwy. Dept.,* 111 Ga. App. 255 (1) (141 SE2d 215) (1965). DOT's contention that the trial court erred in charging on the issue of access is without merit. The charge was adjusted to the evidence and correctly stated the law. *Downside Risk, Inc.,* supra; see generally *Feathers v. Wilson,* 157 Ga. App. 753 (1) (278 SE2d 434) (1981).

2. DOT contends that the trial court erred by admitting evidence as to the amount of consequential damages condemnees sought based upon the decrease in the property's fair market value due to lack of access for over 37 months and the increased development costs caused by the presence of the interstate. "Fair market value is the price a seller who desires, but is not required, to sell and a buyer who desires, but is not required to buy, would agree is a fair price, after due consideration of all the elements reasonably affecting value. [Cits.]" *Wright v. MARTA,* 248 Ga. 372, 375 (283 SE2d 466) (1981). A buyer contemplating purchase of condemnees' remaining property on September 18, 1979, the date of the taking, would take into account the prospect of a completed bridge spanning the new interstate, the newly paved road, and the potential benefits that would accrue to the property due to the presence of the interstate. But a buyer would also take into account that the interstate and bridge would not be completed, if on schedule, for 37 months, that water and other utilities could no longer be laid straight to the property but would have to be routed at additional cost over the new bridge, and that the nearness of a heavily travelled limited access highway might have a deleterious effect on a proposed residential housing subdivision. "The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking." *Wright,* supra at 376. Thus, the trial court did not err in admitting this evidence for the purpose of showing what an ordinary buyer would take into consideration before purchasing condemnees' property on the date of the taking. Contrary to DOT's contentions, the trial court's charge as to these consequential damages was correct as a matter of law and is not a ground for reversal. *Wright,* supra.

3. DOT failed to timely object to testimony given by witness Pendelton with regard to an acquisition and development loan to be obtained by condemnees, and is thereby deemed to have waived the objection. *Ga. Power Co. v. Bishop,* 162 Ga. App. 122, 126 (7) (290 SE2d 328) (1982).

4. The trial court did not err in denying DOT's motion for a mistrial when condemnees' attorney made an improper statement in view of the fact that condemnees' attorney promptly apologized, the trial court adequately instructed the jury to disregard the remark, and no further objection was made by DOT. *State Hwy. Dept. v. Edmunds,* 113 Ga. App. 550, 551 (1) (149 SE2d 182) (1966).

5. The trial court did not err in admitting witness Stancil's testimony since contrary to DOT's assertion on appeal the witness gave the factual basis for his opinion on the subject of the value of the land. See *DOT v. Ross,* 148 Ga. App. 256, 257 (251 SE2d 141) (1978).

6. Although the trial court instructed the jury numerous times on various aspects of consequential damages, while specifically instructing on consequential benefits twice, this did not constitute a ground for reversal in that evidence was introduced which raised several difficult questions involving consequential damages and the court's charge was necessary in order to properly instruct the jury as to those issues. *State Hwy. Dept. v. Augusta District &c. Methodist Church,* 115 Ga. App. 162 (3) (154 SE2d 29) (1967).

7. Because the evidence was sufficient to support the verdict, the trial court did not err in denying DOT's motion for new trial based on the general grounds. *Daniels v. Hartley,* 120 Ga. App. 294 (170 SE2d 315) (1969).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1983.

*Warren Akin, Special Assistant Attorney General,* for appellant. *W. Edward Andrews,* for appellees.