73687. DEPARTMENT OF TRANSPORTATION v. KANAVAGE.
(358 SE2d 464)

McMURRAY, Presiding Judge.

The Department of Transportation (DOT) filed a proceeding in rem, condemning property owned by Helen W. Kanavage (condemnee). Condemnee timely filed a notice of appeal, demanding a trial by jury as to the value of the property taken. The jury awarded condemnee $26,500 and DOT appeals. *Held:*

In its sole enumeration of error DOT contends the trial court erred in denying its motion to strike the testimony of condemnee's expert witness concerning the value of the condemned property as a convenience store.

In *Dept. of Transp. v. Katz,* 169 Ga. App. 310, 315 (5) (312 SE2d 635), this court held as there was evidence from which the jury would be authorized to conclude that the property had reasonable potential for a use other than for that to which it was presently being put, it was error for that trial court to refuse to give condemnees' written request to charge as follows: " 'In the estimation of value of land taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated. The test in such cases is whether the land could be used for other purposes, not whether the land would be used for other purposes.' See OCGA § 22-2-62 (d) (Code Ann. § 36-505)." In this regard, "[t]he jury [should be] allowed to inquire as to all legitimate purposes, capabilities and uses to which the property might be adapted, provided that such use [is] reasonable and probable and not remote or speculative." *Canada West, Ltd. v. City of Atlanta,* 169 Ga. App. 907, 912 (6) (315 SE2d 442).

In the case sub judice, the condemnee's expert witness testified that the condemned property's highest and best use would be as a convenience store because of the property's location in relation to nearby industry and residential development. Since this testimony was based on relevant facts concerning existing local population and industry, we find sufficient basis to authorize a conclusion that the condemned property could be used as a convenience store. Consequently, the trial court did not err in denying DOT's motion to strike

the testimony of condemnee's expert witness.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 17, 1987 —
REHEARINGS DENIED MAY 18, 1987 AND JUNE 1, 1987.

*William A. Zorn*, for appellant.
*Emmett P. Johnson*, for appellee.