A90A0645. CANN et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(396 SE2d 515)

CARLEY, Chief Judge.

In 1981, appellee-Condemnor initiated condemnation proceedings pursuant to OCGA § 22-2-100 et seq. against property that was leased by appellant-Condemnees. An appeal was filed and, after discovery, Condemnor made a motion in limine to exclude certain evidence during the jury trial. The trial court granted Condemnor's motion, but certified its order for immediate review and Condemnees' application for an interlocutory appeal to this court was granted.

1. Under the terms of Condemnees' lease, their original tenancy was to have terminated in 1982, some nine months after the date of the taking. However, the lease also provided that, for four additional five-year terms, Condemnees "shall have the option of extending this lease . . . upon the same terms and conditions which were in effect during the original term, EXCEPT that . . . the annual rent for the renewed term, . . . if renewed, shall be *as may be agreed upon by the parties hereto, but in no event less than the annual rent during the*

*last year of the preceding term.*" (Emphasis supplied.) In its motion in limine, Condemnor urged that Condemnees had only a nine month's tenancy remaining on the date of taking and sought limitation on the introduction of evidence as to the value of Condemnees' leasehold for any longer period. On appeal, Condemnees urge that it was error to grant the motion in limine because more than twenty years of their tenancy remained as of the date of taking and they are entitled to introduce evidence as to the value of that longer leasehold.

The construction of the lease was for the trial court. See *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358, 364 (227 SE2d 362) (1976). The trial court correctly held that Condemnees had only a nine month's tenancy remaining on the date of taking because the twenty-year renewal provision was unenforceable for a lack of certainty as to the amount of rent for that renewal period. "A provision for the renewal of a lease 'must specify the terms and conditions of the renewal . . . with such definite terms and certainty that the court may determine what has been agreed upon, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and *the rent to be paid.*' [Cit.] . . . '[I]f terms, such as duration and *rent*, are left for future ascertainment, and no method is provided by which they are to be determined, the contract is unenforceable for uncertainty. . . .' [Cit.]" (Emphasis supplied.) *McCormick v. Brockett*, 167 Ga. App. 325-326 (306 SE2d 344) (1983). Condemnees' lease provided no method by which the specific amount of future rents was to be determined, but provided only that future rent would be in some unspecified amount at least as great as that which had previously been paid. Accordingly, insofar as the twenty-year extension of the lease is concerned, Condemnees "had no legally compensable interest in the property upon its . . . condemnation. [Cit.] Since [Condemnor] was not obliged to compensate [Condemnees] for property in which [they] had no interest, the trial court [correctly] granted [the motion in limine]." *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344-345 (2) (259 SE2d 729) (1979).

2. On the ground that the construction of a highrise commercial building would constitute a speculative alternative use of the property by Condemnees, the trial court granted the motion in limine precluding the introduction of evidence of any such use. Appellants urge that this evidentiary ruling is erroneous.

" 'The correct measure of damages for the loss of use of leased property is the diminution in the market value of the leasehold during the remainder of the unexpired term of the lease, less any rents to be paid by the lessee. [Cits.]' [Cit.]" *Peek v. DOT*, 139 Ga. App. 780, 781 (1) (229 SE2d 554) (1976). "In this regard, '(t)he jury (should be) allowed to inquire as to all legitimate purposes, capabilities and uses

to which the property might be adapted, provided that such use (is) reasonable and probable and not remote or speculative.' [Cit.]" *Department of Transp. v. Kanavage*, 183 Ga. App. 143 (358 SE2d 464) (1987). Since Condemnees had only a nine-month tenancy remaining on the date of taking and had made no efforts whatsoever to determine the feasibility of erecting a highrise commercial building on the property, such a proposed use was so remote and speculative that evidence thereof would have "no probative value in the showing of suitability for [other] uses of the property. . . ." *State Hwy. Dept. v. Howard*, 119 Ga. App. 298, 303 (5) (167 SE2d 177) (1969). Accordingly, the trial court did not err in granting the motion in limine to exclude this evidence.

3. The trial court did not err in granting Condemnor's motion in limine to exclude evidence as to nonvalue issues. Condemnees had no right to raise nonvalue issues because they filed only a notice of appeal seeking a jury trial, and did not file any exceptions to the special master's award. "[T]he failure of a party to file exceptions to the master's award for determination by the superior court results in a waiver of the party's right to further litigate any nonvalue issues." *Beck v. Cobb County*, 180 Ga. App. 808, 811 (350 SE2d 818) (1986).

4. The trial court did not err in granting the motion in limine to exclude evidence of rentals allegedly lost as the result of the threat of condemnation. *Housing Auth. of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226) (1966); *Collins v. MARTA*, 163 Ga. App. 168, 170 (6) (291 SE2d 742) (1982).

5. Contrary to Condemnees' assertions on appeal, their expert witness has not been precluded from testifying at trial. The effect of the trial court's grant of the motion in limine was merely to preclude Condemnees' expert witness from giving such irrelevant and inadmissible testimony at trial as he had given during his pre-trial deposition. Condemnees remain free to call their expert witness and elicit *relevant* testimony for the jury's consideration. By granting the motion in limine, the trial court properly defined the relevant issues to be tried and, if Condemnees' expert is thereby precluded from testifying, it will only be because he has no admissible testimony to give.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 23, 1990 — CERT. APPLIED FOR.

*Wildman, Harrold, Allen, Dixon & Branch, Thomas B. Branch III, George G. Holden,* for appellants.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr.,* for

appellee.