A94A2052. ACREE OIL COMPANY v. DEPARTMENT OF TRANSPORTATION.
(455 SE2d 590)

BIRDSONG, Presiding Judge.

Georgia Department of Transportation ("DOT") condemned a right of way for proposed turning lanes at an intersection in Toccoa, Georgia, which took part of the property of a gasoline station owned by condemnee Acree Oil Company. The condemnation was announced in 1988; condemnee's lessee learned the improvements would come within inches of the pump stations, so he moved in 1989. The date of taking was in January 1993. Condemnee contended $18,800 as established by DOT was not just and adequate compensation because before the announcement of taking, the property generated income of about $28,000 per year. When the compensation issue was tried in January 1994, construction had still not begun. On the day of this trial, DOT filed a motion in limine to exclude evidence of pre-acquisition losses. The condemnee agreed that pre-condemnation blight is

not admissible to prove loss but condemnee said it intended to introduce evidence of the delay of this project, including that the project is "on hold" because of contamination from gasoline tanks on property located across the street; and that because of the uncertainty of the project, condemnee's property has remained unoccupied since 1989, and it is unfeasible for condemnee to tear down its present station and build a $400,000 to $425,000 station until the project is completed, all of which affects the fair market value of the property and causes business losses. DOT argued that in order to recover business losses the condemnee must establish there was a business in operation on the date of acquisition and that if condemnee's business was destroyed for use as a service station and gasoline tanks had to be removed for non-use as a result of the condemnation, no evidence could be admitted that it was a service station at the time of taking. Condemnee contended the underground tanks would be fit for use until 1998 unless DOT abandons the project, that the delay of the project and uncertainty whether condemnee would have to remove the tanks were elements of loss, and that this is an unusual situation in which the uncertain delay has diminished the value of the property not taken. Condemnee demanded to know when the project will be commenced but DOT answered, and the trial court agreed, that this is irrelevant. The trial court ruled that any values and damages could be established only up to the day of taking, January 20, 1993, and that condemnee would not be allowed to question when the project might begin and witnesses would not be allowed to testify to anything based on what might happen after the date of taking.

Condemnee appeals from the jury's verdict of $28,800, contending the trial court erred in refusing to admit evidence of post-taking matters to show business losses and evidence of consequential damages caused by the anticipated construction, and erred in excluding evidence of the length and uncertainty of construction and the fact that the project was put "on hold." Condemnee also contends the trial court erred in excluding evidence as to what condemnee would have done with the site until 1998 had the land not been taken; and erred in refusing to allow evidence of having to tear down and rebuild the service station. Condemnee further contends the trial court erred in excluding evidence that its tenant lost accounts because of having to move. *Held*:

1. Condemnee Acree Oil states six enumerations of error asserting under broad headings that the trial court erred in excluding evidence of certain post-taking matters. In violation of Court of Appeals Rule 15 (a) (1) (now Rule 27 (a) (1)), condemnee also fails to state the method by which each enumeration of error was preserved for consideration on appeal. The sequence of argument in appellant/condemnee's brief does not follow the order of the enumeration of errors

and is not numbered correspondingly, in violation of Rule 15 (c) (now Rule 27 (c)). The form of the brief does not follow the enumerations but argues all six enumerations at once; no specific enumerations are made as to specific evidence excluded, and only in the argument are stated examples of excluded evidence. The result is a hodgepodge of argument which relates to all alleged errors intermingled and none specifically, and which called forth a further confusing of the issues by appellee DOT, and a reply by condemnee. A party on appellate review cannot expand the scope of review or supply additional issues through a process of switching, shifting and mending its hold; statements in appellate briefs cannot expand the scope of review to include issues not reasonably contained in the enumeration. *Jabaley v. Jabaley*, 208 Ga. App. 179, 180 (430 SE2d 119). As they are argued generally, we shall therefore answer generally the first six enumerations relating to the exclusion of evidence of post-taking events, and any other errors are deemed abandoned.

Losses occurring before the actual date of taking and diminution in value as a result of an anticipated condemnation are not compensable. *Josh Cabaret, Inc. v. Dept. of Transp.*, 256 Ga. 749 (3) (353 SE2d 346); *Antique Center &c. v. City of Roswell*, 196 Ga. App. 894 (4) (397 SE2d 146). Compensation is determined by the value of the property at the time of its taking. *Housing Auth. &c. v. Schroeder*, 222 Ga. 417 (151 SE2d 226). Business losses based on a condemnee's inability to rent improvements after the condemnor announced its plans to take the property are not compensable. *Collins v. MARTA*, 163 Ga. App. 168, 170 (6) (291 SE2d 742). Likewise, since "[i]n all cases, the only question for decision is the value of property (or consequential damages) *at the time of taking*," (*Dept. of Transp. v. Benton*, 214 Ga. App. 221, 222 (447 SE2d 159), business losses occurring after the day of taking are not compensable. A temporary loss of business associated with the extinguishment by condemnation of condemnee's property interest is not a proper element for consideration in determining just and adequate compensation (*Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 826 (387 SE2d 877)); "an interruption of business is not compensable unless condemnee has irrevocably lost something of value." Id. at 826-827. But, "evidence of *any* business losses which result in a *diminution of the value of a condemnee's business* is admissible." (Emphasis supplied.) Id. Obviously, property "facing [a] loss of business" after the day of taking "may suffer a diminution in fair market value" on the day of taking. Id. It is not controlling whether there was a business in operation on the day of taking, so long as the loss affects the market value of the condemnee's property on the day of taking.

As to both consequential damages to the property not taken and business losses which affect the value of the property not taken, the

condemnee may show that the future delay and uncertainty of the project affected the value of the condemnee's property *on the date of taking*; this may include evidence that the project will not be completed until a certain or uncertain time into the future. *Dept. of Transp. v. Sequoyah Land Investment Co.*, 169 Ga. App. 20 (311 SE2d 488); *Dept. of Transp. v. Delta Machine Prod. Co.*, 157 Ga. App. 423, 424 (278 SE2d 73); see *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 228 (312 SE2d 344). Evidence of uncertainty as to the period of construction, as to whether condemnee will have to remove the gasoline tanks and reconstruct its buildings, and as to what this might cost, and evidence that the project is "on hold," is admissible if such factors affect the value of the property on the day of taking. Any evidence is relevant and admissible which logically tends to prove or disprove any material fact at issue, and every fact or circumstance which may throw light on a material issue is relevant; it is the rule that where the relevancy or competence of evidence is doubtful, it should be admitted and its weight left to the jury under appropriate instruction. Id. at 424-425. As to whether evidence of uncertainty and delay in the project as it affects the use of the property is "speculation," this is a question for the jury. The very speculative nature of such questions may affect the value of the property not taken, in the circumstances of this case.

This answers enumerations of error one through six. If it does not answer questions as to examples of excluded evidence not specifically enumerated as error but listed in the argument portion of appellant's original brief, such errors are deemed abandoned.

2. Enumerations eight and nine are related to enumerations one through six. Enumeration eight contends the trial court erred in excluding evidence as to what condemnee would have done with the subject service station until 1998 had the condemnation project not gone through. We cannot approve the admission of such broad and speculative evidence. Such evidence is admissible only to the extent that it proves that market value of the property not taken is diminished by the taking on the day of taking. *Buck's Svc. Station*, supra. Enumeration nine complains the trial court erred in excluding evidence as to what would be involved in tearing down and rebuilding the service station at the site. This evidence is admissible if these factors affect the market value of the property not taken on the day of taking, as held in Division 1.

3. Appellant contends the trial court erred in excluding evidence that condemnee's lessee lost customer accounts because of his move from condemnee's service station to another location. Condemnee contends this evidence would show the property is unique because of its location. Evidence of business losses by a lessee after the lessee moved to another location is too speculative to prove the value of the

condemnee's property not taken (i.e., consequential damages) on the day of taking. The case cited by condemnee, *Dept. of Transp. v. Livingston*, 202 Ga. App. 67 (413 SE2d 249), refers not to consequential damages but to business losses of the condemnee brought about by the total taking of his owned and operated service station, and is not controlling.

*Judgment affirmed in part and reversed in part. Blackburn and Ruffin, JJ., concur.*

### On Motion for Reconsideration.

DOT says that in allowing a condemnee to show that delay and uncertainty of the project affected the value of the property on the date of taking, we have created a "new rule" which will allow "damages" for the "effect of the project," in direct contradiction to *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777). *Simon* is not pertinent to this case. The issue in *Simon* was whether evidence could be admitted of "the possibility" that an adjoining neighbor who was landlocked by the condemnation would seek a private right-of-way across the condemnee's property. Both the Court of Appeals and the Supreme Court perceived Simon's claim as being a claim for *damages* "based not only on the 'taking' of her property . . . but also in part on the taking of the property of her adjoining landowner." *Dept. of Transp. v. Simon*, 151 Ga. App. 807, 811 (261 SE2d 710); see *Simon*, supra at 479. We have held only that Acree Oil may show *any* element which *affected the value of its property on the date of taking*, including that the unusual delay and uncertainty of this project affected the value of the remaining property. This is an old rule. See *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825 (387 SE2d 877).

In pushing the idea that we held a condemnee can get damages for the effect of the project, DOT says that under this decision DOT could even argue that adverse effects suffered by Acree Oil's competitors due to the delay can be shown as "consequential benefits" to offset any consequential damages suffered by Acree Oil due to delay in the project; further, DOT says the grounds for inverse condemnation have been vastly enlarged because under this decision "*any* property owner or business operator whose property or business has suffered a diminution in value caused by the uncertainty and delay in a project has suffered a compensable taking though not an inch of their land was used or acquired." Such flights of fantasy discredit DOT's efforts to limit condemnees' right to compensation for the diminution of property value on the date of taking.

DOT says *Dept. of Transp. v. Sequoyah Land Investment Co.*, 169 Ga. App. 20 (311 SE2d 488), *Dept. of Transp. v. Delta Machine*

*Prod. Co.*, 157 Ga. App. 423 (278 SE2d 73), and *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226 (312 SE2d 344), involved a loss of access to condemnee's remaining property. In each of those cases, however, loss of access was clearly not the founding basis of the holding but was only one factor showing that loss of business affected the value of the remainder.

DOT contends any error in the trial court's ruling was harmless because Acree Oil was able to present essentially all the evidence it wanted to admit. This is false. The trial court repeatedly and consistently sustained DOT's objections to the evidence Acree Oil tried to get before the jury.

*Motion for reconsideration denied.*

DECIDED NOVEMBER 1, 1994 —
RECONSIDERATION DENIED MARCH 10, 1995 — 

*Adams, Clifton & Sanders, Alton M. Adams, Stewart, Melvin & House, Frank W. Armstrong III,* for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Hulsey, Oliver & Mahar, Thomas L. Fitzgerald, R. David Syfan,* for appellee.