S95G1042. DEPARTMENT OF TRANSPORTATION v. ACREE OIL COMPANY.
(467 SE2d 319)

HUNSTEIN, Justice.

A portion of Acree Oil Company's property was condemned by DOT for a highway intersection improvement project. Acree Oil appealed from the judgment on the jury's verdict to the Court of Appeals, which reversed in part. *Acree Oil Co. v. Dept. of Transp.,* 216 Ga. App. 586 (455 SE2d 590) (1994). We granted DOT's application for writ of certiorari to consider the Court of Appeals' rulings as to evidence involving business losses and construction delay.

1. Business losses occurring before the date of taking are not recoverable. *Collins v. MARTA,* 163 Ga. App. 168 (6) (291 SE2d 742) (1982). Accord *Josh Cabaret, Inc. v. Dept. of Transp.,* 256 Ga. 749 (353 SE2d 346) (1987). Post-taking business losses can be recovered as a separate element in instances when the business belongs to a separate lessee or when the business belongs to the landowner and there is a total taking of the business. In either event, business losses are recoverable as a separate item only if the property is "unique" and

the loss is not remote or speculative. *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980).

This condemnation did not involve the taking of any leasehold interest, so there was no lessee to recover business losses as a separate element of damages. Acree Oil, as the owner of property on which the business was not totally destroyed, could not recover any business losses as a separate element of damages. *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, supra.

2. The Court of Appeals reversed the trial court's exclusion of business loss evidence on the basis that under our holding in *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 826 (387 SE2d 877) (1990), " 'evidence of any business losses which result in a diminution of the value of condemnee's business is admissible.' " (Emphasis omitted.) *Acree Oil Co.*, supra at 588. A review of the transcript establishes that condemnee proffered evidence of "business loss" in the standard, generic sense of that phrase, i.e., as an integral part of the financial history of the property,[1] and we use that phrase in this division of the opinion solely in the sense of that evidence of the financial history of the property which a willing buyer would consider on the date of taking in arriving at the value of the property.

The admission of evidence of factors which may reasonably influence a prospective purchaser's decision is a matter within the discretion of the trial court. *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348, 350-351 (299 SE2d 594) (1983). While we agree with the Court of Appeals that the absence of a business in operation on the property on the date of taking does not automatically end all inquiry into the relevancy of business loss evidence, it is clearly a weighty factor in determining whether such evidence is too speculative and conjectural to be admitted as a factor a willing buyer would consider. The evidence in this case established that Acree Oil's lessee departed the property in late 1989 and the property had been vacant for three years prior to the date of taking. Under these facts the trial court did not abuse its discretion by excluding Acree Oil's speculative evidence of its business losses.[2] The Court of Appeals erred by reversing the trial court's ruling.

3. A jury is entitled to hear evidence that an ordinary buyer on

---

[1] Condemnee did not seek "business losses" as a separate element of damages, Division 1, supra, and it is uncontroverted that condemnee proffered no evidence of "business loss" as the special concurrence uses that phrase, i.e., as evidence to support a separate, compensable element of damages. See, e.g., *Buck's Svc. Station*, supra.

[2] *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983) and *Glynn County v. Victor*, 143 Ga. App. 198 (2) (237 SE2d 701) (1977) are distinguishable in that those cases involve the recovery of "business losses" as a separate element of damages and the admissibility of business loss evidence in those situations where the business is not in operation on the date of taking.

the date of taking would consider, inter alia, the potential benefits of the condemnor's completed project and the effect of delay or uncertainty in the project's completion.[3] See *Wright v. MARTA*, 248 Ga. 372, 375-376 (283 SE2d 466) (1981) (four-year delay until completion); *Dept. of Transp. v. Sequoyah Land Invest. Co.*, 169 Ga. App. 20 (2) (311 SE2d 488) (1983) (37-month delay until completion). Acree Oil contends and the Court of Appeals found that the trial court abused its discretion by excluding relevant evidence of uncertainty and delay. Our review of the transcript reveals, however, in the rulings challenged by Acree Oil, the trial court properly required any testimony as to the speculative effect any future delays and uncertainties might have on the remainder to be tied to the date of taking, see, e.g., *Dept. of Transp. v. Benton*, 214 Ga. App. 221, 222 (447 SE2d 159) (1994), and allowed evidence meeting that criterion. While error was committed by the trial court in its refusal to admit testimony by a DOT official regarding the completion date of the project, that error was harmless given that the official was allowed to testify that the project was "on hold" as the result of a construction hazard created by contamination discovered on a parcel involved in the road project.

Unless a trial court has abused its discretion in excluding evidence relevant to factors considered by an ordinary buyer on the date of taking, its rulings thereon must be affirmed. See *Dept. of Transp. v. Wright*, 169 Ga. App. 332, 334 (312 SE2d 824) (1983). Because there was no manifest abuse of the trial court's discretion, the Court of Appeals erred by reversing the trial court's evidentiary rulings as to uncertainty and delay.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., Carley and Hines, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

In January 1993, the Department of Transportation condemned a part of a tract of land owned by Acree Oil Company (Condemnee). In January 1994, the issue of just and adequate compensation was tried before a jury. Condemnee appealed from the judgment entered on the jury's verdict,

---

[3] This Court in *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980) affirmed the opinion of the Court of Appeals, which recognized that while the possibility a private right-of-way would be sought over the condemnee's property might be a "circumstance" to be considered in arriving at the fair market value of a condemned property, economic harm resulting from that possibility was not a compensable item a condemnee could recover in a condemnation action from a condemnor. *Dept. of Transp. v. Simon*, 151 Ga. App. 807, 811 (261 SE2d 710) (1979). Thus, evidence that a delay in a condemnor's project is the result of matters beyond the condemnor's control may be admissible only as a relevant factor an ordinary buyer would take into consideration on the date of the taking when purchasing condemnee's property.

contending the trial court erred in refusing to admit evidence · of post-taking matters to show business losses and evidence of consequential damages caused by the anticipated construction, and erred in excluding evidence of the length and uncertainty of construction and the fact that the project was put "on hold."

*Acree Oil Co. v. Dept. of Transp.*, 216 Ga. App. 586, 587 (455 SE2d 590) (1995). The Court of Appeals found Condemnee's contentions to be meritorious and reversed. Certiorari was granted and this Court now reverses the Court of Appeals. While I concur in that judgment of reversal, I do not concur in the majority's analysis for the following reasons:

1. Heretofore evidence of "business losses" has been held admissible in only two instances: where such evidence is relevant to the recovery of a separate element of just and adequate compensation or where such evidence is relevant to the value issue of the amount of consequential damages to a remainder. *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825 (387 SE2d 877) (1990). It is undisputed that business losses as a separate element of just and adequate compensation in this case are not recoverable by Condemnee. *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980). Accordingly, I am not, as the majority erroneously suggests in fn. 1, using the phrase "evidence of 'business loss'" to mean evidence "to support a separate, compensable element of [just and adequate compensation]." To the contrary, I am employing that phrase as it presumably was utilized by the Court of Appeals. Relying upon *Buck's Svc. Station v. Dept. of Transp.*, supra, the Court of Appeals held that it was error to exclude certain of Condemnee's "business losses" evidence, because that evidence was relevant to the value issue of consequential damages. In *Buck's Svc. Station*, supra at 827 (2), this court held

> that evidence of *any* business losses which result in a diminution of the value of a condemnee's business is admissible. However, evidence of temporary loss of business is admissible not for the purpose of recovering for the temporary loss of business but for the limited purpose of demonstrating fair market value of the land not taken immediately after the taking. We reach this conclusion because business property facing loss of business may suffer a diminution in fair market value.

(Emphasis in original.) *Buck's Svc. Station v. Dept. of Transp.*, supra at 827 (2). In Division 2 of its opinion, the majority accepts the premise of the Court of Appeals that *Buck's Svc. Station* is the controlling

authority, but nevertheless concludes that the trial court did not abuse its discretion in excluding Condemnee's "speculative evidence of its business losses." Contrary to the majority, I believe that the Court of Appeals erred in its conclusion that *Buck's Svc. Station* is controlling in this case.

As *Buck's Svc. Station* clearly holds, evidence of any "business losses" which result in a diminution in the value of the *condemnee's business* is admissible as relevant to the issue of consequential damages. Here, however, Condemnee had *no* business which could be diminished in value and, consequently, Condemnee could have suffered *no* "business losses." Condemnee merely owned property which it leased to others for the purpose of operating their business thereon. Compare *Dept. of Transp. v. 2.734 Acres of Land,* 168 Ga. App. 541, 543 (2) (309 SE2d 816) (1983) (condemnee also owner of business); *Glynn County v. Victor,* 143 Ga. App. 198 (2) (237 SE2d 701) (1977) (condemnee also owner of business). Thus, the only relevant inquiry here was the *value* of Condemnee's property for business *rental* purposes. *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601) (1968). Condemnee is not entitled to produce evidence which is not relevant to that inquiry, under the guise that such irrelevant evidence relates to its "business losses." Under the evidence, the only business that was run on Condemnee's property ceased operations three years before the taking and it is irrelevant that Condemnee thereafter was unable to rent the property prior to the taking. *Collins v. MARTA,* 163 Ga. App. 168, 170 (6) (291 SE2d 742) (1982).

The majority states that Condemnee proffered its evidence of "business losses" "in the standard, generic sense of that phrase, i.e., as an integral part of the financial history of the property." However, evidence of "business losses" has never been employed in a "standard, generic sense," but has always been used in a specific and limited sense to mean only such evidence as is relevant either to the recovery of a separate element of just and adequate compensation or to the amount of consequential damages to the remainder. *Buck's Svc. Station v. Dept. of Transp.,* supra. Certain elements of the financial history of the property may be relevant to the value issue of consequential damages, but evidence is not necessarily relevant to the amount of consequential damages simply because it relates to the financial history of the property. Since Condemnee owned no business, the only relevant inquiry was the value of the property for business rental purposes on the date of taking. *State Hwy. Dept. v. Hood,* supra. In determining the value of the property for business rental purposes, the amount of rent that had been and could be obtained would certainly be relevant and the financial history of the property in that regard would be admissible. *Ga. Power Co. v. Cole,* 141 Ga. App. 806, 807 (2) (234 SE2d 382) (1977). However, the amount of rent that Con-

demnee had lost would not be relevant to the value of the property for business rental purposes. *Cann v. MARTA*, 196 Ga. App. 495, 497 (4) (396 SE2d 515) (1990). The amount of rent that had been lost would be relevant only in a suit by Condemnee against the lessee for breach of the lease.

Thus, rather than concurring in the majority's holding that the trial court did not abuse its discretion by excluding Condemnee's "speculative evidence of its business losses," I believe that the trial court correctly determined that Condemnee proffered no evidence, speculative or otherwise, of any "business losses" whatsoever. Since it is clear that no "business losses" evidence was proffered in this case, *Glynn County v. Victor*, supra, and *Dept. of Transp. v. 2.734 Acres of Land*, supra, need not be distinguished as cases wherein "business losses" evidence was properly admitted, and I do not concur in the implicit approval of those decisions as set forth in Division 2 of the majority opinion. *Victor* and *2.734 Acres of Land* need only be distinguished as cases wherein the condemnee, as the owner of a business operated on the condemned property, was entitled to introduce "business losses" evidence. This Court should address the issue of whether the "business losses" evidence in those cases was "too speculative and conjectural to be admitted" only in the context of a case involving similar "business losses" evidence. This is not such a case, since Condemnee is not the owner of a business operated on the condemned property and, consequently, could have suffered no "business losses" as the result of the condemnation.

2. The Court of Appeals also held that a "condemnee may show that the future delay and uncertainty of the project affected the value of the condemnee's property on the date of taking. . . ." (Emphasis omitted.) *Acree Oil Co. v. Dept. of Transp.*, supra at 589 (1). In Division 3 of its opinion, the majority again accepts this premise of the Court of Appeals, but nevertheless concludes that there was no abuse of discretion in "the trial court's evidentiary rulings as to uncertainty and delay." However, contrary to the majority, I again believe that the premise of the Court of Appeals is erroneous.

No case cited by the Court of Appeals or the majority stands for the proposition that a condemnee is entitled to introduce evidence of post-taking "uncertainty or delay" in the project. *Wright v. MARTA*, 248 Ga. 372, 375-376 (283 SE2d 466) (1981) and *Dept. of Transp. v. Sequoyah Land Invest. Co.*, 169 Ga. App. 20, 21 (2) (311 SE2d 488) (1983) stand for the much different proposition that a condemnee is entitled to show, as of the date of the taking, the proposed *completion* date of the project and the proposed impact of the *completed* project. A buyer contemplating purchase of the remainder on the date of the taking

would take into account the prospect of a completed [project] and the potential benefits that would accrue to the property as a result of its access to the [completed project], but would also take into account that the [project] would not be completed for four years, that the [project] might or might not have the impact he would hope for, and that the full impact of the [project] might not be felt for some time after [completion].

*Wright v. MARTA*, supra at 375. Likewise, *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 228 (1) (312 SE2d 344) (1983) and *Dept. of Transp. v. Delta Machine Prod. Co.*, 157 Ga. App. 423, 424 (1) (278 SE2d 73) (1981) deal only with the issue of a loss of access as of the date of the taking and neither case holds that evidence of post-taking "uncertainty or delay" in the project is relevant and admissible on the issue of consequential damages.

Thus, in valuing the remainder, Condemnee would be entitled to show what had been, as of the date of the taking, the proposed completion date of the project and the proposed impact of the completed project. *Wright v. MARTA*, supra; *Dept. of Transp. v. Sequoyah Land Invest. Co.*, supra. In no event, however, would Condemnee be entitled to show any post-taking delay or uncertainty in completion of the project as relevant factors in determining consequential damages in the context of this condemnation proceeding. It is a fundamental principle of the law of eminent domain that compensation is determined by the value of the property at the time of the taking. *Housing Auth. of the City of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226) (1966). Obviously, it is only the proposed completion date and proposed impact of the completed project as of the date of the taking, not any actual post-taking delay in completion and impact, that can be relevant factors in determining the value of the remainder on the date of the taking. Moreover, upholding the admissibility of evidence of an actual post-taking delay in completion and impact would be violative of the long-standing rule that consequential damages are limited to those which proximately and naturally arose from the condemnation and taking of the condemnee's own property. *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980), aff'g 151 Ga. App. 807 (261 SE2d 710) (1979). Obviously, a post-taking delay in completion and impact can never proximately and naturally arise from the condemnation and taking of the condemnee's own property, but can arise only from a post-taking delay in the entire project. "Consideration of damages which arise from devoting the part of the land taken to the use for which it was taken is not the same as consideration of damages which arise from the entire 'project.'" *Simon v. Dept. of Transp.*, 245 Ga., supra at 478.

Condemnee may have inquired about the ultimate completion date of the project, but that inquiry would be irrelevant. The relevant inquiry would be the proposed completion date as of the date of the taking. *Wright v. MARTA*, supra; *Dept. of Transp. v. Sequoyah Land Invest. Co.*, supra. If a response to this relevant inquiry had been excluded, the error would not be rendered harmless by testimony that the project was "on hold" as the result of a construction hazard created by contamination discovered on a parcel involved in the road project. Such testimony would be no less irrelevant and inadmissible than any other evidence related to post-taking uncertainty and delay. Thus, contrary to the majority's holding that there was no abuse of discretion in "the trial court's evidentiary rulings as to uncertainty and delay," I believe that the trial court correctly determined that Condemnee proffered no admissible evidence as to the proposed completion date and the proposed impact of the project as of the date of taking.

I am authorized to state that Presiding Justice Fletcher and Justice Hines join in this opinion.

DECIDED FEBRUARY 19, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Hulsey, Oliver & Mahar, R. David Syfan, Thomas L. Fitzgerald*, for appellant.
*Adams, Clifton & Sanders, Alton M. Adams, Stewart, Melvin & Frost, Frank M. Armstrong*, for appellee.